## DRAPER *v.* NOTEWARE.

The writ of *mandamus* can only be issued to compel the performance of an act or duty clearly enjoined by law, and in a case where the party has no other plain, speedy and adequate remedy.

Under the act of 1851, the county auditor can only draw warrants where the claim is audited by himself. This is a defect in the law which this Court cannot remedy, on the pretext of public convenience.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

This was a petition for a peremptory *mandamus*, on the part of the relator, Draper, then one of the supervisors of El Dorado county, against Noteware, then the auditor of said county.

The complaint was that the relator, being the holder of certain claims against the county of El Dorado, which had been audited and allowed by the board of supervisors, and presented in such form to the said auditor, whose duty it was, resulting from his official station, to draw his warrant in favor of relator, on the county treasurer, for the amount of said audited accounts, and had refused to issue his warrant upon the county treasurer therefor. The answer of the auditor set up, that the law did not enjoin upon him the duty of issuing warrants upon the audited accounts of the supervisors, and denied that the petitioner was entitled to any relief, for the reason that his account was illegal, and should not have been allowed by the supervisors, etc.

Upon the return of the alternate writ, the case was tried by

the Court, without the intervention of a jury, who granted the peremptory writ; from which judgment this appeal was had.

*Newell & Williams* for Appellant.

Now it occurs to us, that it should first be shown that the drawing of warrants upon the county treasurer, in favor of persons upon accounts allowed by the "board of supervisors," is an act which the law specially enjoins upon the recorder. Has the relator shown this? or does the District Judge show it? We say not. We have examined the statutes carefully, and have not been able to find a single sentence, even, to the effect contended for. The thirtieth section of the act of 1851, (see Codified Laws, page 845,) concerning county recorders, only authorizes the recorder to issue a warrant when he has audited the account, and only allows him to audit such accounts, or demands, as are not directed by law to be settled and allowed by some other person or tribunal. But the accounts in this instance, as appears by the petition, were allowed by another tribunal, to wit, the "board of supervisors;" then, certainly, the "section" does not authorize, much less direct, the recorder or auditor to issue his warrant in cases like the one before us.

Our opinion, gathered from the statute and the following cases, to wit: Fish *v.* Weatherwax, 2 Johnson's Cases, page 217, note 7, and cases there cited; 1 Wendell, 318, (The People *v.* The Trustees of Brooklyn;) The People *v.* Olds, 3 Cal. R., 167; Fowler *v.* Pierce, 2 Cal., 165, is, that this writ should be granted in all cases where the act in question is specially enjoined by law. There is no other plain, speedy, and adequate remedy, and the principles of justice require the act to be done; for the law might enjoin acts generally, which embraced the one in question, and there might be no other remedy, yet the writ would not be granted unless the cause of the applicant seeking it was just.

Again, we understand the rule to be well established that every inferior tribunal, officer, or Court created by statute, for special purposes, must act in accordance with the strict letter of the law, and must, at every stage of any proceeding, prove or show its jurisdiction, or power to act, in the particular manner proposed. See Bloom *v.* Burdick, 1 Hill, 130; 1 Johnson's Cases, p. 20; 1 Caines, 594, and 3 ib., 129.

The law in reference to the powers of inferior tribunals must be strictly pursued.

*Sanderson & Hewes* for Respondent.
No brief on file.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was a proceeding by *mandamus* in the Court below, to compel the defendant as county auditor, to draw his warrant on the treasurer of El Dorado county in favor of the plaintiff for certain amounts, audited and allowed to him by the supervisors of said county. Several errors are assigned by the appellant, only one of which it will be necessary to notice.

The writ of *mandamus* can only be issued to some inferior Court, board, or officer, to compel the performance of an act or duty clearly enjoined by law, and this must be in a case where the party has no other plain, speedy, and adequate remedy. It never lies to control the discretion of an officer, or to direct in what manner he shall act, but simply commands the performance of a duty. It becomes necessary, therefore, to inquire whether it is the duty of the county auditor to draw his warrants on the treasurer for the amount of claims which have been audited, or ordered paid, by the board of supervisors. To determine this, it will be necessary to go back to the first statutes which were passed on this subject.

By the laws of 1850, the whole power of county government was placed in the Courts of Sessions of each county; they performed the duties which have since been devolved on the supervisors. The twenty-fifth section of an act, passed April 4th, 1850, concerning county recorders and auditors, provided, that "all accounts, debts, and demands, justly chargeable against any county, and which are not directed by law to be settled and allowed by some other person or tribunal, shall be examined and settled by the auditor of such county; and for all such just accounts, debts, and demands settled and allowed by any other person or tribunal authorized by law so to do, and for all demands against such county, the amount of which is fixed by law, the county auditors shall issue orders on the treasury of such county, payable to the several persons entitled thereto." By the provisions of this section, it was made the duty of the auditor to draw his warrant on the treasurer, in all cases where demands had been audited and allowed.

This act was afterwards repealed by the law concerning county recorders, passed March 26th, 1851, the thirtieth section of which is as follows: "All accounts, debts, and demands, justly chargable against any county, and which are not directed by law to be settled and allowed by some other person or tribunal, shall be examined and settled by the auditor of such county; and for all such just demands against such county, the amount of which is fixed by law, the county auditor shall issue orders on the treasurer of such county, payable to the several persons entitled thereto."

It will be observed at once, that there is an important difference between the two sections quoted. The words, "*settled by any other person or tribunal authorized so to do,*" are omitted in the

latter act, thus limiting the power of the auditor to draw his warrants to cases where the claim is audited by himself. This is undoubtedly a *casus omissus* in the law, which subsequent Legislatures have overlooked, supposing, doubtless, that the law required this duty to be performed by the auditor.

We have carefully examined all the subsequent statutes, and do not find that any provision is made for the auditor's drawing his warrants on the treasurer where the account has been allowed by the supervisors. This is a defect in the law that should be amended by the Legislature, and which we would not be warranted in supplying on the pretext of public convenience.

Judgment reversed.