[No. 7,254.—In Bank.]

## M. CLUNE v. J. F. SULLIVAN, JUDGE, ETC.

AMENDMENT — JURISDICTION. — The plaintiff obtained an *ex parte* order for leave to amend his complaint, and afterwards, upon motion of the defendant to vacate the order, the Court modified the same by requiring of the plaintiff, as a condition, that he should file an undertaking for costs. *Held*, that the Court, under § 473 of the Code of Civil Procedure, had the power to impose terms as a condition of the amendment, and that the order was therefore within its jurisdiction.

MANDAMUS to Department Two of the Superior Court of San Francisco, and SULLIVAN, Judge.

*A. H. Townsend*, for Plaintiff.

*Edward Myers*, and *Irvine & Le Breton*, for Defendant.

THORNTON, J.:

Application for a writ of mandate. The answer on which this application was heard sets forth the following facts: On the 23rd of October, 1879, an action was duly commenced in the Twelfth District Court for the City and County of San Francisco, by the plaintiff, for the recovery of money and damages against Cadman and Gibson, as partners, under the firm name of H. Keller & Co. On the 14th of November, 1879, Cadman and Gibson demurred to the complaint. · That thereafter the cause was duly assigned to Department Two of the Superior Court of the said city and county, the respondent herein, for hearing and its determination. On the 20th of February, 1880, the demurrer was argued and submitted to the Court for decision, and was sustained. The plaintiff, on the 24th of February, 1880, applied to the same court *ex parte*, and obtained an order dismissing defendant Gibson from the action, and giving plaintiff leave to file an amended complaint, substituting M. H. Fay, as defendant therein, in place of Gibson. No terms were imposed by the above order of amendment. On the 26th of February, 1880, the defendant moved the Court to vacate the order just mentioned. On this motion, the Court made an order, modifying and amending the order of amendment, requiring the plaintiff, as terms conditional thereto, to file an undertaking, in the

sum of $100, for payment of all costs that might be awarded against said plaintiff in the action, and staying all proceedings until this undertaking was filed. This was done, as is alleged in the answer, under the power conferred by § 473 of the Code of Civil Procedure, and in which it is contended the Court did abuse its discretion.

The writ is asked for in this cause to compel the Court below to proceed with the trial of the cause, though its order in regard to the undertaking has been disregarded.

The facts on which the Court made the order do not further appear than as above stated. What particular considerations induced the Court to make it are not unfolded to us. But we cannot see that the Court in making it exceeded the power with which it was vested by the section of the Code of Civil Procedure above referred to, nor that it exceeded its discretion. (*Tormey* v. *Pierce*, 49 Cal. 308.)

Nor is the objection, that the order was made subsequently to the order allowing the amendment, of any avail. The order of amendment was interlocutory, under the control of the Court, and might have been modified by the Court of its own motion.

If the Court abused its discretion, a mode of correcting it is provided by law, to which a party aggrieved can resort. The writ asked for does not control discretion; it simply commands the performance of duty. (*Draper* v. *Noteware*, 7 Cal. 276 ; *Magee* v. *Calaveras Co.* 10 id. 376.)

It is urged, that the plaintiff had a right to proceed to trial against Cadman. This he might have done, by declining to avail himself of the order to amend. The particular order made in the cause is unusual; but we cannot say that the Court did not have the power to make it. The lower courts in the admistration of justice are properly invested with authority to impose terms. Such authority is frequently and wisely used. These courts would be harmfully trammeled in the exercise of their jurisdiction, were their action in such regard liable to be reviewed and, controlled in such a proceeding as this. It is better that a party injured should be left to the ordinary mode provided by law for the correction of errors, than that an authority should be exercised by this Court which

may and will result in injurious delay in the proceedings of the Superior Courts.

On the argument, reference was made to § 1036 of the Code of Civil Procedure, in relation to security for costs and charges, where the plaintiff in the action resides out of the State, or is a foreign corporation, and it is contended, that in such case only could an undertaking be required on the principle, *expressio unius, exclusio alterius.* The principle insisted on has no application here. In the case mentioned in this section, the Court has nothing to do with requiring the security to be given. The statute invests the defendant with the right to have it, and the Court cannot, against his will, deprive him of it.

In this case, the plaintiff has failed to show any right to the writ asked for, and therefore it is denied, and the proceeding is dismissed, the order for which is to be entered accordingly.

MORRISON, C. J., McKINSTRY, J., and McKEE, J., concurred.