[No. 11,020. In Bank.—April 24, 1885.]

## A. T. HATCH, PETITIONER, v. GEORGE STONEMAN, GOVERNOR, ETC.

CONSTITUTIONAL CONSTRUCTION—SUBMISSION OF PROPOSED AMENDMENTS.—Under section 1 of article 18 of the constitution, the time at which a proposed amendment to the constitution is to be submitted to the people for ratification must be fixed by an act of the legislature, approved by the governor in the same manner as other acts.

Original application for a writ of mandate. The facts are stated in the opinion of the court.

*Garber, Thornton & Bishop*, for Petitioner.

*D. M. Delmas*, for Respondent.

MORRISON, C. J.—This is an application for a writ of mandamus to compel the respondent, as governor of the state of California, to sign, approve and authenticate a certain measure adopted by the legislature of this state at its recent session, providing for the submission to the people of certain amendments to sections one, eight, ten and eleven of article XIII of the constitution of the state; and also to issue forthwith a proclamation, as provided in said measure, calling a special election to be held on the 6th day of June, 1885, submitting to the people of the state for their approval the said proposed amendments. As we understood on the argument, the application for the writ to compel the governor to sign the proposed measure or bill was abandoned, it being conceded that the governor, in the matter of signing and approving bills passed by the legislature, has a discretion which cannot be controlled by the writ of mandate.

Section 1085 of the Code of Civil Procedure, by which the issuance of the writ is authorized, provides that it may be issued to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, and the writ can issue only to compel the performance of an act or duty clearly enjoined by law. (*Draper* v. *Noteware*, 7 Cal. 278.)

The learned counsel for the respondent contends that the duty, the performance of which is sought to be enforced by the writ in this case, is not imposed on the governor, either by the constitution or the law, and it is very clear that unless the constitution or the law makes it the duty of the governor to issue a proclamation for an election, this court cannot compel him to do so.

Let us first look at the constitution. Section 1, article XVIII, of that instrument provides that "any amendment or amendments to this constitution may be proposed in the senate or assembly, and if two-thirds of all the members elected to each of the two houses shall vote in favor thereof, such pro-

posed amendment or amendments shall be entered in their journals, with the yeas and nays taken thereon; and it shall be the duty of the legislature to submit such proposed amendment or amendments to the people, in such manner and at such times, and after such publication, as may be deemed expedient." It will be remarked that the power to propose an amendment to the constitutton is vested in the two houses—senate and assembly—and if two-thirds of all the members elected to each of the two houses vote in favor thereof, it shall be the duty of the legislature to submit such proposed amendment or amendments to the people to be voted thereon. The proposal of the amendment or amendments is not by the legislature, as such, in the ordinary enactment of a law, and with the proposal the governor has nothing to do. The act is that of two-thirds of each branch of the legislature. But the matter of submitting the proposed amendment or amendments to the vote of the people is quite different. That is to be done by the legislature, by a law to that effect, and in the enactment of a law the governor is a part of the law-making power. As was said by the Supreme Court of the United States, in the case of *Memphis* v. *U. S.*, 97 U. S. 296–7, " the constitution ordains that no bill shall become a law until it shall have received the approval of the governor, or shall have been otherwise passed under the provisions of the constitution ; that is, as we understand it, over his refusal to approve. The executive is thus made a necessary constituent of the law-making power."

The foregoing decision was under a constitution similar to ours on the point in question. By section 16, article IV., of our constitution, it is declared that " every bill which may have passed the legislature shall, before it becomes a law, be presented to the governor. If he approve it, he shall sign it ; but if not, he shall return it, with his objections, to the house in which it originated, which shall enter such objections upon the journal, and proceed to reconsider it. * * * If any bill shall not be returned within ten days after it shall have been presented to him (Sundays excepted), the same shall become a law in like manner as if he had signed it, unless the legislature, by adjournment, prevents such return, in which case it shall not become a law unless the governor, within ten days after

such adjournment (Sundays excepted), shall sign and deposit the same in the office of the secretary of state, in which case it shall become a law in like manner as if it had been signed by him before adjournment."

In this instance, the legislature, by adjournment, prevented such return, and the governor did not sign and deposit the bill in the office of the secretary of state. The learned counsel for the petitioner contends that it was intended by the framers of the constitution that the same power that could propose the amendment could provide for its submission to the people at any time it saw fit, and that it never was intended that any one man should thwart their will. If such was the intention, the language employed does not aptly express such intention; but, on the contrary, the language used expresses a different idea. At the expense of repetition, we again say that the two houses of the legislature propose the amendment, but the time when such proposed amendment is to be submitted to the people is fixed by an act of the legislature, and such act does not require the concurrence of two-thirds of each branch of that body, but does require the approval of the governor, or the passage in the constitutional manner, after his disapproval and veto of the bill, to make it a law. We do not find in the constitution anything which imposes upon the governor of the state the duty to issue the proclamation for an election, and it is not contended that there is any law, independent of the measure we have been considering, which casts the duty upon him. The time when the election is to be held must be fixed by law, and as there is no law fixing such time, it follows that a proclamation calling an election on the 6th day of June is not a duty resulting from an office, trust, or station which the governor can be required by writ of mandamus to perform. The petition must therefore be denied, and it is so ordered.

SHARPSTEIN, J., MCKINSTRY, J., MCKEE, J., THORNTON, J., and MYRICK, J., concurred.