[No. 9067.]

### The People ex rel. v. Ramer, Secretary of State.

1. Constitution—*Convention to Amend—Duty of Executive.*
Where the General Assembly recommends to the people a convention
to revise the constitution, the governor is charged with no duty or
authority, with respect to such recommendation. His disapproval is
without effect. (129.)

2. ——*Construed.* Section 39 of article V and section 1 of article
XIX are not in *pari materia.* The first relates to ordinary legislation,
and the last to the calling of a convention for the amendment of the
constitution. They are of equal dignity, and neither can be invoked
to interfere with the operation of the other. (130.)

*Original Petition for Writ of Mandamus.*

Mr. William R. Eaton, for petitioner.

Hon. Fred Farrar, Attorney General, and Mr. Nor-
ton Montgomery, Assistant Attorney General, for re-
spondent.

Mr. Justice White delivered the opinion of the
court.

The object of this proceeding is to compel the re-
spondent, as Secretary of State, to certify to the several
county clerks a certain recommendation of the Twentieth
General Assembly to the electors of the State to vote at
the next general election, for or against a convention to
revise, alter and amend the Constitution. We issued the
alternative writ of *mandamus* and, upon service of the
same upon respondent, he made return and answer there-
to. The return admits the material allegations of the
alternative writ, but attempts to justify respondent's acts
in the premises upon the ground that the aforesaid rec-
ommendation of the General Assembly was not approved,
but disapproved, by the Governor of the State, and no
action thereon was subsequently taken by the General As-
sembly or either house thereof. To the return petition-
ers interposed a demurrer. It is conceded that the law,

sections 2145 and 6155, Revised Statutes of 1908, imposes upon the Secretary of State the duty to certify to the County Clerks, for submission to the electors of the state, for popular vote, at the ensuing election, the recommendation in question, unless it was nullified by the action of the Governor in the premises, and the failure of the General Assembly to pass the same over his disapproval. We are of the opinion that the Governor had no duty to perform in relation to the measure in question, and that his disapproval thereof did not affect its validity. The General Assembly, in making the recommendation, was exercising the power invested in it by section 1 of article XIX of the Constitution. The section expressly declares, *inter alia*, that: "The General Assembly may at any time by a vote of two-thirds of the members elected to each house, recommend to the electors of the state, to vote at the next general election for or against a convention to revise, alter and amend this Constitution; and if a majority of those voting on the question shall declare in favor of such convention, the General Assembly shall, at its next session, provide for the calling thereof." The reasons which are urged against the validity of our conclusion are drawn from the provisions of section 39, article V of the Constitution.

It will be observed that article V relates to ordinary legislation, while article XIX prescribes a method of calling constitutional conventions and of proposing amendments to the Constitution. It is not, therefore, by the former article but by the latter that the act of the General Assembly, in initiating the proposal for a constitutional convention, must be tested. It has been expressly so ruled. Thus in *Nesbit v. The People,* 19 Colo. 441, 448, 36 Pac. 221, 223, we said: "Article XIX is *sui generis;* it provides for revising, altering and amending the fundamental law of the state, and is not in *pari materia* with those provisions of article V prescribing the method

of enacting ordinary statutory laws." The act of the General Assembly in proposing an amendment to the Constitution or recommending that the electors vote on calling a constitutional convention is initiatory only. In either case the action of the General Assembly must receive the approval of a majority of the qualified electors of the state voting thereon at the proper general election to effectuate any result whatever. Moreover, section 39 of article V does not require every order, resolution or vote, to which the concurrence of both houses may be necessary, to be presented to the Governor for his approval or disapproval, and, upon disapproval, to be repassed by two-thirds of both houses. On the contrary, those relating to "adjournment" or "solely to the transaction of business of the two houses" are expressly excluded. The two articles of the Constitution are not inconsistent and may be fully executed without any conflict. One relates to ordinary legislation by the General Assembly and the other relates to the establishment of constitutions and amendments thereto. Each contains the essentials for its complete enforcement without impinging upon any function of the other. Each of these articles is of equal dignity and neither can be used to change, alter or overturn the other. That which the General Assembly is authorized to do by article XIX, relative to initiating proceedings to amend or change the fundamental law, is its business solely, with which the executive has nothing whatever to do. Such seems to be the uniform holdings of the courts under constitutional provisions similar to ours. *Jameson on Const. Conventions,* pp. 586, 587; *Hollingsworth v. Va.,* 3 U. S. (3 Dall.) 378, 1 L. Ed. 644; *State ex rel. v. Dahl,* 6 N. D. 81, 68 N. W. 418, 34 L. R. A. 97; *Commonwealth ex rel. v. Griest,* 196 Pa. 396, 46 Atl. 505, 50 L. R. A. 568; *State ex rel. v. Mason,* 43 La. Ann. 590, 647, 649, 655, 9 South. 776; *Green v. Weller,* 32 Miss. 650; *Koehler v. Hill,* 60 Iowa 543, 14

N. W. 738, 15 N. W. 609; *Hatch v. Stoneman,* 66 Cal. 632, 634, 6 Pac. 734; *In re Senate File,* 31, 25 Neb. 864, 41 N. W. 981; *Warfield v. Vandiver,* 101 Md. 78, 68 Atl. 538, 4 Ann. Cas. 692; 6 R. C. L., sec. 21, pp. 29, 30.

It, therefore, follows that the alternative writ should be made absolute, and it is so ordered.

Decision *en banc.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY not participating.