[No. 12209.  In Bank. — December 9, 1887.]

## J. S. LOVELAND, RESPONDENT, v. W. B. GARNER ET AL., APPELLANTS.

MINING CORPORATIONS — FAILURE OF DIRECTORS TO POST ACCOUNT — AC-
TION TO ENFORCE LIABILITY — JUDGMENT ON PLEADINGS. — The action
was brought by a stockholder of a mining corporation to enforce the
liability imposed on the directors under the act of April 23, 1880, for
their failure to make and post in the office of the company a monthly
balance-sheet of all receipts and disbursements.   The complaint alleged
in detail facts sufficient to constitute a cause of action, among which
were, — the existence of the corporation; that the defendants were direc-
tors thereof during the months mentioned; that the corporation owned
and worked certain mines, mills, and machinery; that certain persons
were its officers; that the defendants, as directors, had the management
of its property and business; that during the time mentioned, the prop-
erty was operated, and large sums of money expended and liabilities
incurred; and that the defendants failed to make or post any balance-
sheet, as required by the act.   The only allegation of the complaint
positively denied by the answer was the averment that the corporation
" was seised or possessed of any mill or mills, or any machinery of any
nature or kind whatever."   All other averments of the complaint were
denied on information and belief, and no new matter was set up as a
defense.   *Held*, that the positive denial contained in the answer was
immaterial, and that a judgment for the plaintiff on the pleadings was
properly granted.

ID. — WHEN JUDGMENT ON PLEADINGS IS PROPER. — A judgment for the
plaintiff on the pleadings may be rendered where the material averments
of a sufficient complaint are not denied by the answer.

ID. — DENIAL ON INFORMATION AND BELIEF WHEN EVASIVE — CORPORATIONS.
— Where the facts alleged in the complaint are presumably within the
knowledge of the defendant, he must answer them positively; and a
denial upon information and belief will be treated as evasive.   This rule
is as applicable to corporations and their officers as to natural persons.

APPEAL from a judgment of the Superior Court of San
Bernardino County.

The facts are stated in the opinion of the court.

*Harris & Gregg*, and *Harris & Allen*, for Appellants.

*Hargrave & Gray*, for Respondent.

McFARLAND, J. — On April 23, 1880, the legislature
passed an act amendatory of "An act for the better pro-

tection of stockholders in corporations," etc. It was intended for the benefit of stockholders in mining corporations, and prescribes, with great detail, the duties of directors, presidents, superintendents, secretaries, and other officers of such corporations. (Stats. 1880, State ed., 134.) It is sufficient to say here that section 1 of the act provides that the directors shall, on the first Monday of each month, cause to be made and posted in the office of the company an itemized account or balance-sheet embracing a full statement of all receipts and disbursements; also all existing indebtedness or liability, the amount of money on hand, etc.; and that section 3 provides that if the directors fail to comply with section 1, they shall be liable in the sum of one thousand dollars, liquidated damages, to any stockholder bringing an action therefor.

In the case at bar, the complaint, which is verified, avers the existence of a certain mining corporation; that the defendants are, and at the times mentioned were, the directors of said corporation; and that plaintiff is and was a stockholder therein. It then avers that said corporation was seised and possessed of divers valuable mining claims and mineral lands, and also of certain mills, machinery, and other property of great value; that certain persons named were superintendent, president, and secretary; that defendants, as directors, had the management and control of its property and business; that during the months of January, February, March, April, May, June, and July, 1885, said mines and mills were operated, and large sums of money were received and disbursed, liabilities incurred, etc.; and that defendants failed to cause any itemized account or balance-sheet to be made, etc., as provided by said act. All facts necessary to make a complete cause of action under said act of April 23, 1880, are set forth in the complaint with great particularity.

The only positive and direct denial of the answer is

the denial that the corporation "was seised or possessed of any *mill* or *mills,* or any *machinery* of any nature or kind whatever." All the other averments of the complaint which are attempted to be denied at all are denied " upon information and belief." No new matter was set up as a defense.

Plaintiff moved for judgment upon the pleadings. The motion was granted; and judgment was rendered for plaintiff for one thousand dollars,—this court having held when the case was here before that there could be a recovery for only one month's failure. (*Loveland* v. *Garner,* 71 Cal. 541.) From this judgment defendants appeal.

The judgment of the court below should be affirmed. It is settled practice here that judgment for plaintiff may be rendered upon the pleadings where the material averments of a sufficient complaint are not denied by the answer. (*Felch* v. *Beaudry,* 40 Cal. 439; *Hemme* v. *Hays,* 55 Cal. 339; *Gay* v. *Winter,* 34 Cal. 153; *Fitzgibbon* v. *Calvert,* 39 Cal. 261.)

It is equally well settled " that if the facts alleged in the complaint are presumably within the knowledge of the defendant, he must answer positively; and a denial upon information and belief will be treated as an evasion." (*Curtis* v. *Richards,* 9 Cal. 38.) And in such a case, the defendant should, at least, show " how it happened that he was without knowledge as to such 'facts." (*Brown* v. *Scott,* 25 Cal. 190.) And the rule applies as well to corporations and their officers as to natural individuals. (*San Francisco Gas Co.* v. *San Francisco,* 9 Cal. 453.) Now, the only positive denial in the answer, namely, that the corporation did not own any mill or machinery, is immaterial. The complaint is perfect without the averment of that fact. The other denials, upon information and belief, are all of matters within defendants' knowledge,—things which they presumably knew. For defendants to say (practically) that they do

not know whether for seven months a certain person was their superintendent, or whether, during that time, the corporation of which they were directors worked or developed any mine, or extracted any ores or minerals, or employed any miners or teamsters, or incurred any liabilities, or disbursed any money, or was engaged in conducting the business of mining, or received any money whatever, is to indulge in a playful frivolity not consistent with the solemnity of sworn pleadings in a · court of justice.

Judgment affirmed.

TEMPLE, J., SEARLS, C. J., THORNTON, J., SHARPSTEIN, J., McKINSTRY, J., and PATERSON, J., concurred.