[L. A. No. 1089.    Department One.—October 8, 1902.]

## MEADE COUNTY BANK, Appellant, v. HENRY E. BAILEY et al., Defendants; SIDNEY J. PARSONS, Respondent.

ACTION BY FOREIGN CORPORATION—SECURITY FOR COSTS—CONSTRUCTION OF CODE—POWER OF COURT—DISMISSAL OF ACTION.—In an action by a foreign corporation against residents of this state who demand security for costs and charges, under section 941 of the Code of Civil Procedure, the undertaking must be of the same nature as a cost bond upon appeal, that the sureties will pay such costs and charges as may be awarded against the plaintiff by the judgment, not exceeding three hundred dollars. The court has no power to fix a less sum, or to change the amount and condition of the bond fixed by the statute; and after the lapse of thirty days without the giving of the statutory bond, the action was properly dismissed.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

[1] 91 Am. Dec. 623.

The facts are stated in the opinion of the court.

Bernard Potter, and Dyer & Potter, for Appellant.

E. W. Camp, and Sidney J. Parsons, for Respondent.

VAN DYKE, J.—Plaintiff is a corporation organized and doing business under and by virtue of the laws of the state of South Dakota. Action was brought in the superior court of Los Angeles County against the defendants, upon a judgment obtained against them in said state of South Dakota. The defendant Parsons, upon being served, appeared in said action December 1, 1900, and on the same day gave and served notice on the plaintiff demanding security for costs. Thereafter, December 20, 1900, the plaintiff applied to a judge of said court, without notice to said defendant, to fix the amount of the bond, and the said judge thereupon by an *ex parte* order fixed said bond in the penal sum of fifty dollars. On the second day of January, 1901, the said defendant by his attorney served on the plaintiff and filed a notice of a motion to dismiss said action for want of the undertaking for costs as required by law; and after hearing upon said order to show cause, on the fifteenth day of January, 1901, the court entered an order dismissing said action.

The appeal is taken from such judgment dismissing the action in favor of defendant Parsons, for failure to file security for costs. The contention of the appellant is, that the bond filed in the sum of fifty dollars, as required by the *ex parte* order of said judge, was a compliance with the statute, and it was error, therefore, for the court to dismiss the action. The provision of the code on the subject is as follows: "When the plaintiff in an action resides out of the state, or is a foreign corporation, security for the costs and charges, which may be awarded against such plaintiff, may be required by the defendant. When required, all proceedings in the action must be stayed until an undertaking, executed by two or more persons, is filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of three hundred dollars. A new or an additional undertaking may be ordered by the court or judge, upon proof that the original undertaking is insufficient security,

and proceedings in the action stayed until such new or additional undertaking is executed and filed.'' (Code Civ. Proc., sec. 1036.) The requirement in reference to this bond for costs against foreign corporations is almost in the exact language of the so-called cost bond on appeal. The undertaking on appeal is required to be executed by at least two sureties ''to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal or on dismissal thereof, not exceeding three hundred dollars.'' (Code Civ. Proc., sec. 941.)

In both cases the amount as well as the condition of the bond is prescribed by the code, and the court has nothing to do with fixing the same. The statute vests in the defendant the right to have the bond, and the court cannot against his will deprive him of that right, or alter the amount or terms of the bond required. When the demand for security for costs is made in the proper case, the law itself enjoins further proceedings on the part of the plaintiff until the demand is complied with according to the provisions of the code. After the undertaking or bond, in the sum and form specified, is given, a new or additional undertaking may be ordered by the court when the first is deemed insufficient, but the court has no power to dispense with the giving of the first bond or undertaking as mentioned. The next section of the code provides that after the lapse of thirty days after the service of notice that security is required, and no undertaking according to law has been filed, the court may order the action to be dismissed. (Code Civ. Proc., sec. 1037.) Thirty days having elapsed in this case after the demand for security for costs, and no such undertaking having been given or filed, it was not error for the court to dismiss the action upon notice and motion of said defendant.

The judgment is affirmed.

Garoutte, J., and Harrison, J., concurred.