[S. F. No. 2521.    Department Two.—July 2, 1903.]

## RAPHAEL WEILL & CO., Respondent, v. JAMES L. CRITTENDEN, Appellant.

ACTION FOR GOODS SOLD AND DELIVERED—PLEADING—DENIAL FOR WANT OF INFORMATION—PRESUMED KNOWLEDGE.—In an action for goods sold and delivered, whether or not the plaintiff had sold and delivered to defendant, at the latter's request, the property mentioned in the complaint, was a matter presumably within the

[1] 18 Am. St. Rep. 248.

knowledge of the defendant, and a denial thereof for want of information or belief was insufficient.

ID.—INCORPORATION OF PLAINTIFF—ESTOPPEL OF DEFENDANT—DENIAL IMMATERIAL.—In an action by a corporation to recover the price of goods purchased and received by the defendant from the plaintiff, the defendant cannot question the corporate capacity of the plaintiff, and a denial thereof raises no material issue.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

James L. Crittenden, Appellant, *in pro. per.*

T. C. Kierulff, for Respondent.

McFARLAND, J.—This is an appeal by defendant from a judgment in favor of plaintiff. The judgment was rendered on the pleadings.

It is averred in the complaint, which is verified, that—1. Plaintiff is and at the time mentioned in the complaint was a corporation organized, etc., under the laws of this state, and having its principal place of business in San Francisco; 2. "That within two years last past, in the city and county of San Francisco, state of California, the plaintiff sold and delivered to the defendant, at his special instance and request, goods, wares, and merchandise of the value of four hundred and twenty-nine (429.98) dollars and ninety-eight cents, which sum the said defendant agreed to pay when requested;" and 3. That defendant, although requested, etc., had not paid any part of said amount of money.

The answer of defendant, leaving out the formal parts, is as follows: "That he has no information or belief upon the subject sufficient to enable him to answer the allegations in paragraphs Nos. I and II in said complaint, and, placing his denial on that ground, defendant denies said allegations and each of them, and each and every matter, statement, and allegation in said paragraphs and in each of said paragraphs contained." Whether or not the plaintiff had sold and delivered to defendant, at the latter's special instance and request, the property mentioned in the complaint was a matter presumably

within the knowledge of defendant, and under the authorities the denial, for want of knowledge or belief upon the subject, was insufficient. (*Curtis* v. *Richards*, 9 Cal. 34; *Brown* v. *Scott*, 25 Cal. 190; *Loveland* v. *Garner*, 74 Cal. 298; *Mulcahy* v. *Ripley*, 100 Cal. 486.) In the cases cited by appellant (*Etchas* v. *Orena*, 121 Cal. 270, and *Read* v. *Buffum*, 79 Cal. 77 [1]) the matters involved in the denials were not presumably within the knowledge of the defendants. We need not consider the matter of the form of denial that plaintiff was a corporation, organized and existing under the laws of this state; for in this action to recover the price of goods purchased and received by defendant from plaintiff the former is not in a position to question the corporate capacity of the latter. (*Granger's Bank Assn.* v. *Clark*, 67 Cal. 634; *Bank of Shasta* v. *Boyd*, 99 Cal. 604; Bigelow on Estoppel, 5th ed., p. 463.)

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.