[Sac. No. 1908.   Department Two.—June 28, 1912.]

## CALIFORNIA FRUIT EXCHANGE (a Corporation), Appellant, v. FRED M. BUCK, Respondent.

MORTGAGE SECURING FUTURE ADVANCES — RUNNING ACCOUNT—EXTINGUISHMENT OF LIEN—CREDIT IN FAVOR OF MORTGAGOR.—The lien of a mortgage given to secure a specified present indebtedness and also future advances to the mortgagor, and which contains a provision avoiding it upon payment of all sums due or that may become due to the mortgagee, is not extinguished by the mere accidental circumstance that on one or two occasions during the continuance of an unbalanced running account between the parties there was a credit in favor of the mortgagor. (*Frank H. Buck Co.* v. *Buck,* 162 Cal. 300, [122 Pac. 466], approved.)

ID.—ESTOPPEL—DEALING WITH MORTGAGEE AS CORPORATION.—A mortgagor who deals with the mortgagee as a corporation in the execution of his mortgage and the notes secured thereby, is estopped from denying its corporate capacity in an action by it to foreclose the mortgage.

APPEAL from a judgment of the Superior Court of Solano County and from an order refusing a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, C. G. Shinn, C. L. Shinn, C. F. Stewart, and Frank R. Devlin, for Appellant.

T. T. C. Gregory, for Respondent.

LORIGAN, J.—This appeal presents the same essential facts and calls for the application of the same legal principles as in the case of *Frank H. Buck Co.* v. *F. M. Buck et al. and the California Fruit Exchange,* 162 Cal. 300, [122 Pac. 466], where the present plaintiff was defendant and appellant.

That action was brought by the Buck Company against the present defendant Buck to foreclose a crop mortgage given to it by him on May 19, 1909, and against the present plaintiff, the California Fruit Exchange, which it was alleged, asserted some right or lien under a prior crop mortgage executed in its favor by Buck.

The California Fruit Exchange set up by answer in that suit a priority of right and lien over the crop mortgage to the Buck Company by virtue of a similar mortgage to it made in December, 1905, by the defendant Buck covering the same farm and orchard premises, and which mortgage provided that it was security for a present indebtedness of two thousand five hundred dollars and to secure future advances. The trial court in that action held that while the mortgage of Buck from the California Fruit Exchange had been executed prior to his mortgage to the Buck Company, and on October 27, 1908, there was a balance of indebtedness due to said California Fruit Exchange from Buck for advances to the amount of $5,447.70, that this indebtedness was not secured by that mortgage. This conclusion of the court was derived from the fact that as the books of account between the California Fruit Exchange and Buck, kept by the former, show that on September 15, 1907, there was a credit balance in favor of Buck of $442.32 the mortgage had thereby been paid, and in effect canceled, and that subsequent advances made by the California Fruit Exchange to Buck which aggregated the $5,447.70 found due it was not secured by that mortgage, and judgment was entered accordingly.

On the appeal from that judgment taken by the California Fruit Exchange this court, on a consideration of the conceded facts and the terms of the mortgage held that this conclusion of the trial court was erroneous; that as the mortgage provided for future advances which were represented by the indebtedness which the court found due from Buck to the California Fruit Exchange the "mere accidental circumstance that the books of one or another of the parties show a balance in favor of the mortgagor on a given date" did not extinguish the mortgage as a security for such future advances. A reversal of the judgment was ordered.

This present action was brought by the California Fruit Exchange to foreclose this same mortgage and the action was tried and a judgment rendered in favor of the respondent, Buck, before the appeal in the case just referred to was determined. In the court below the same claim of extinguishment of the mortgage and on the same ground as was asserted by the Buck Company in the other case was made by the defendant Buck (who in the previous action had suffered

default) and the court sustained it. Plaintiff appeals from this judgment and the order denying its motion for a new trial.

The evidence in this case was exactly the same as in the other case and calls for the application of the same principle of law. It is unnecessary to detail that evidence or to again discuss these principles. It is sufficient to refer to the opinion of this court in the former case where they are fully set forth and considered and under the views which are expressed there and are applicable here, the present judgment and order appealed from must be reversed.

The court found in this case that the plaintiff was not a corporation, the defendant attempting by its answer to raise an issue in that respect. But as the evidence conclusively shows that the defendant dealt with the corporation as such in the execution of his mortgage, and the making of his notes to it, he is estopped from denying its corporate capacity in an action to foreclose the mortgage. (*Bank of Shasta* v. *Boyd,* 99 Cal. 604, [34 Pac. 337]; *Weill* v. *Crittenden,* 139 Cal. 488, [73 Pac. 238].)

The judgment and order appealed from are reversed.

Melvin, J., and Henshaw, J., concurred.