[L. A. No. 3098. Department One.—May 7, 1913.]

HUGH WARRING, Appellant, v. G. S. COUCH, Respondent.

PLEADING—DENIAL UPON INFORMATION AND BELIEF—WHEN OPERATES AS ADMISSION.—A denial in an answer, based solely upon information and belief, will not be deemed an admission of the allegation of the complaint attempted to be denied, except where the truth as to the fact alleged is either presumptively within the knowledge of the defendant or is of such a nature that he must be presumed to have had the means of acquiring personal knowledge at the time the issue is tendered and before he was required to answer.

ID.—ALLEGATION AS TO DEPTH OF OIL WELL—DENIAL BY DEFENDANT OF ACTUAL KNOWLEDGE OF DEPTH.—An averment in a complaint that an oil well, which for a period of about a year had been in process of drilling by agents of the defendant, had on a particular

date reached a depth of more than an alleged number of feet, is not admitted by a denial thereof upon information and belief, when the defendant further denies that he had any actual knowledge of the depth of the well, or any knowledge at all, except by reports from his drillers.

ID.—OWNER NOT PRESUMED TO KNOW DEPTH OF WELL BEING DRILLED. Where an owner of land causes an oil well to be drilled thereon by servants in his employ, there is no conclusive presumption that such owner has personal knowledge of the depth of the well from time to time as it progresses.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Albert A. Kidder, Jr., Floyd S. Warring, and Schweitzer & Hutton, for Appellant.

J. W. McKinley, R. C. Gortner, and F. C. McClure, for Respondent.

SHAW, J.—The object of this action was to recover three thousand dollars as damages caused by the alleged deceit and fraud of defendant.

On February 27, 1909, the parties made a written agreement whereby Warring agreed to sell to Couch certain lands known as the Watauga Mineral Claim, upon which Couch agreed to drill a well for oil to a depth not to exceed one thousand eight hundred feet. It also provided that Couch should have the right to a conveyance of the land from Warring at any time before the well reached a depth of five hundred feet, on payment to Warring of the sum of two thousand nine hundred dollars, and that at any time after it had reached that depth and within a year from the date of the agreement he should be entitled to such deed from Warring on payment of five thousand nine hundred dollars. On January 18, 1910, Couch stated to Warring that the well was then less than five hundred feet deep, and demanded a deed for the land for two thousand nine hundred dollars. Warring believed the statement, and executed the deed, accepting the two thousand nine hundred dollars in full payment. The

complaint alleges that said statement was false, that the well was then more than five hundred feet deep, that Couch knew that it was deeper than five hundred feet and made the statement to deceive and defraud Warring, and to procure the deed for three thousand dollars less than the actual contract price agreed to upon that condition, and that he did not discover the fraud until February 15, 1911.

The court found that the depth of the well at the time the deed was executed did not exceed five hundred feet, and gave judgment for defendant. From this judgment and from an order denying a new trial, the plaintiff appeals. The essential points urged for a reversal are that the aforesaid finding is contrary to the admissions of the pleadings and that it is not supported by sufficient evidence.

The contention that the pleadings admit that the well was more than five hundred feet deep at the time the deed was procured, is based on the fact that the denial in the answer was made solely upon information and belief, the argument being that this was a fact within Couch's personal knowledge and that a denial thereof upon information and belief was therefore ineffectual. The answer, however, denies that Couch had any actual knowledge of the depth of the well, or any knowledge at all, except by reports from his drillers. This being the case, he could not make denial, except upon information and belief. The rule invoked by plaintiff does not apply, except where the truth as to the fact alleged is either presumptively within the knowledge of the defendant; or is of such a nature that he must be presumed to have had the means of acquiring personal knowledge at the time the issue is tendered and before he was required to answer. (*Brown* v. *Scott,* 25 Cal. 196; *Mulcahy* v. *Buckley,* 100 Cal. 487, [35 Pac. 144]; *Loveland* v. *Garner,* 74 Cal. 300, [15 Pac. 844].) The complaint was filed on March 16, 1911. Where an owner of land causes an oil well to be drilled thereon by servants in his employ, there is no conclusive presumption that such owner has personal knowledge of the depth of the well from time to time as it progresses. And where in such a case it does not appear that the well was not bored deeper after the date in question, or that it still remains in its then condition, it is obvious that after the lapse of more than a

year it cannot be conclusively presumed that he still has means of acquiring personal knowledge of the depth of the well at the prior date. That the plaintiff was not misled by the form of the denial, is shown by the fact that he treated it upon the trial as a disputed fact. The depth of the well on January 18, 1910, was the sole substantial issue. This point is untenable.

There was sufficient evidence to sustain the finding on this point. There was a sharp conflict. The testimony of plaintiff's witness was more direct and positive than that of the defendant's witness. But the court below was the sole judge of their credibility. The evidence for the defendant was chiefly circumstantial, but it was sufficient to establish the fact. We cannot interfere with the decision on this ground. A review of the evidence is unnecessary.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.