[Civ. No. 1216. Third Appellate District.—May 23, 1914.]

SOCIEDADE DO ESPIRITO SANTO (a Corporation), Plaintiff and Respondent, v. SANTA CLARA VALLEY Bank (a Corporation), et al., Defendants and Respondents; A. G. GEORGE, Defendant and Appellant.

PLEADING—ACTION FOR MONEY HAD AND RECEIVED—STRIKING OUT PARA-GRAPH OF ANSWER OF ONE DEFENDANT—HARMLESS ERROR.—In an action by an alleged corporation to recover money claimed to have been received by the defendants for its use and benefit, error, if any, in striking out a paragraph in the answer of one of the defendants denying the corporate existence of the plaintiff is harmless, when the answer of another defendant contains a like denial and the court makes its finding of fact on the issue thus raised.

ID.—DENIAL ON INFORMATION AND BELIEF—WHEN NOT PERMISSIBLE.—It is not error to strike out from such answer a denial, on informa-tion and belief, of the making of a demand by the plaintiff on the defendants for the money in controversy. A defendant cannot deny, on information and belief, matters of which he has actual or per-sonal knowledge; in such cases, a positive answer is required.

ID.—CROSS-COMPLAINT—DEFECT OF PARTIES—DEMURRER.—In such action a cross-complaint, filed by the cross-complainant as an individual and not on behalf of the members of any unincorporated association, and praying only for the payment of money to an unincorporated association not a party to the action, is demurrable.

ID.—HARMLESS ERROR—SUSTAINING DEMURRER TO CROSS-COMPLAINT.—The sustaining of a demurrer to the cross-complaint of one of the defendants, if error, is harmless, if the demurrer of another party to the cross-complaint is overruled and all the issues raised by the cross-complaint are tried and determined.

ID.—ISSUE AS TO INCORPORATION OF PLAINTIFF—MATTER OF DEFENSE.—In this action for money had and received the only material issue

disclosed by the record is whether or not the plaintiff, known by the name of "Sociedade do Espirito Santo," is incorporated; but this is no matter of defense, and if it were it could be settled by an examination of the public records.

APPEAL from a judgment of the Superior Court of Santa Clara County. John E. Richards, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, R. C. McComish, Louis Oneal, Jas. P. Sex, and Weinmann, Wood & Cunha, for Appellant.

H. A. Gabriel, F. I. Lemos, C. A. Thompson, and Leib & Leib, for Respondents.

BURNETT, J.—The action was to recover the sum of $942.61, which plaintiff alleged had been received by the defendants for the use and benefit of plaintiff. The appeal is by A. G. George alone and is from the judgment on the judgment-roll. Defendant George filed an answer and cross-complaint, the first paragraph of which is as follows: "This defendant has no information or belief sufficient to enable him to answer paragraph 1 of said complaint, and therefore denies that the Sociedade do Espirito Santo ever was or is now a corporation, or ever was organized or existing under or by virtue of, or pursuant to the laws of the state of California, or any other state." In the second paragraph of said answer and cross-complaint is the following statement: "This defendant has no information or belief sufficient to enable him to answer, and therefore denies that prior to the bringing of this action, or at all, the plaintiff demanded from said defendants, or any of them, the payment of said sum of $942.61."

On motion these averments were stricken out and this action of the court and its order sustaining a demurrer to appellant's cross-complaint constitute the grounds for his contention that the judgment should be reversed.

There seems to be no merit in the appeal and extended consideration of the points made by appellant is deemed unnecessary. Indeed, we may as well adopt the succinct statement in respondent's brief as a sufficient justification of the action of the lower court. This brief, to which no reply has been made by appellant, is as follows:

24 Cal. App.—38

"1. If it was error to strike out paragraph I of defendant George's answer, the error was without injury. The answer of the defendant, Santa Clara Valley Bank, contained a like denial on information and belief and the court made its finding of fact on the issue thus raised.

"2. It was not error to strike out paragraph II of the defendant George's answer. He had actual knowledge of whether demand had been made upon him and his denial thereof on information and belief was an evasion of the statute. A defendant cannot deny knowledge of his own acts; nor can he deny knowledge of allegations which include personal transactions with him. In such cases a positive answer is required. (1 Ency. of Plead. & Prac., p. 813; *Brown* v. *Scott*, 25 Cal. 189, 196; *Loveland* v. *Garner*, 74 Cal. 298, 300, [15 Pac. 844]; *Gribble* v. *Columbus Brew. Co.*, 100 Cal. 67, [34 Pac. 527].)

"3. The demurrer to the cross-complaint was properly sustained. Defendant George did not file his cross-complaint on behalf of the members of any unincorporated association but as an individual. The prayer of his cross-complaint does not demand any relief for himself but asks the court to order the money paid to some unincorporated association that is not a party to the action. There was therefore a defect of parties cross-defendant and a defect of parties cross-complainant.

"Said cross-complaint is uncertain for the reasons stated in paragraph V of plaintiff's demurrer to the cross-complaint. The sustaining of the demurrer to the cross-complaint was without injury to the defendant George for the reason that the defendant, Santa Clara Valley Bank, demurred to said cross-complaint and said demurrer was overruled. Answer was filed to said cross-complaint by the defendant bank and all the issues raised by the cross-complaint were tried by the court and determined by the findings."

Indeed, an examination of the record discloses the fact that the only material issue was whether said $942.61 belonged to an incorporated or to an unincorporated association known by the name of "Sociedade do Espirito Santo." But, as we may presume the identity of the thing from the identity of the name, the only serious controversy seems to have been over the question whether said society was incorporated or not. This, of course, would be no matter of defense, and if it had

been it could have been settled by an examination of the public records.

At any rate, the cause was determined by the court upon its merits and no good reason whatever has been suggested for interference with the judgment.   It is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.