[Civ. No. 3333. Second Appellate District, Division Two.—June 6, 1921.]

## L. GADETTE, Appellant, v. RECORDER'S COURT OF EAST SAN DIEGO, Respondent.

[1] COSTS—SECURITY FOR BY NONRESIDENT PLAINTIFF—CODE PROVISION MANDATORY.—The provision of section 1036 of the Code of Civil Procedure to the effect that where the plaintiff in an action resides out of the state and security for costs is required by the defendant all proceedings in the action must be stayed until an undertaking is filed with the clerk is mandatory.

[2] ID.—SUFFICIENCY OF DEMAND.—In such case, a demand for "security from plaintiff for defendant's costs and charges . . . as provided for under sec. 1036, Code of Civil Procedure, of the state of California," is sufficient to apprise plaintiff that it is claimed that she is either a foreign corporation or a nonresident.

[3] ID.—PROCEDURE—PROOF.—In such case, it is sufficient for the defendant, in order to stay the proceedings, to give notice that security is required; and it is not essential that, in addition to such notice he submit to the court proof that the plaintiff is either a nonresident or a foreign corporation.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles B. Delong for Appellant.

Arthur T. French for Respondent.

CRAIG, J.—Appellant filed a petition in the superior court of the county of San Diego for a writ of prohibition directed against the recorder's court of East San Diego. A general demurrer was interposed by the defendant and was sustained and the appeal is taken from the judgment entered upon the petitioner's failure to amend.

The petition alleged the beginning of an action in the recorder's court of East San Diego wherein one Ava C. Roberts was plaintiff and L. Gadette was defendant; that said defendant was at the commencement of said action a resident of another state; that in said action the defendant

therein had filed a demurrer and at the same time filed with the recorder's court and served upon the plaintiff a notice requiring security for costs as provided in section 1036 of the Code of Civil Procedure; that notwithstanding the filing of said notice, the recorder's court subsequently heard the demurrer and overruled the same and ordered the defendant to answer forthwith and thereupon entered judgment in favor of plaintiff and against defendant; that the recorder's court was about to enforce this judgment and the plaintiff in said action entirely failed to deposit a bond as required by said notice.

The case of *Carter* v. *Superior Court,* 176 Cal. 752, [169 Pac. 667], is relied upon by both the appellant and respondent.

In that case the plaintiff was a resident of Oregon; defendant made demand, as provided in section 1036 of the Code of Civil Procedure, for security, etc.; plaintiff filed an undertaking with but one surety. After the expiration of thirty days from the date of demand, defendant moved to dismiss the action on the ground that the undertaking did not comply with the law. The court points out that in section 1037 of the Code of Civil Procedure the word "may" is used and not "must," which authorizes the dismissal of an action where the undertaking is not filed within the time provided. The view is expressed that in so far as passing upon the motion to dismiss is concerned, the court is "acting in the exercise of its jurisdiction whether it grants or denies the motion"; "that in the absence of a dismissal, the court retains jurisdiction of the case."

In construing section 1037 of the Code of Civil Procedure the language of the opinion in *Mead County Bank* v. *Bailey,* 137 Cal. 447, [70 Pac. 297], is quoted with approval. A part of the opinion thus reaffirmed is as follows: "The statute vests in the defendant the right to have the bond, . . . When demand for security for costs is made in the proper case, the law itself enjoins further proceedings on the part of the plaintiff until the demand is complied with according to the provisions of the code."

[1] It will be noted that section 1036 of the Code of Civil Procedure employs the word "must." The provision is mandatory. It differs from that of section 1037 of the Code of Civil Procedure, allowing a dismissal of action, in

that no discretion is here allowed the court. "All proceedings in the action or special proceeding *must* be stayed."

Referring further to *Carter* v. *Superior Court, supra,* it is there held that prohibition will lie to prevent further proceedings pending the filing of the undertaking, and that a defendant is entitled to such a writ because he has no plain, speedy and adequate remedy at law.

[2] Respondent suggests that the demand was insufficient in that it does not, in terms, state that the plaintiff was either a foreign corporation or a nonresident. This defect is one of uncertainty. The demand is for "security from plaintiff for defendant's costs and charges . . . as provided for under sec. 1036, Code of Civil Procedure, of the state of California." We think this language was sufficient to apprise plaintiff that it was claimed that she was either a foreign corporation or a nonresident.

[3] Respondent urges that a demand alone is not sufficient to stay the proceedings, but asserts that there must be, in addition to demand, proof submitted to the court that the plaintiff is either a nonresident or a foreign corporation. No other action on the part of the demanding party appears to have been contemplated by the legislature than that he should require security as provided in section 1036 of the Code of Civil Procedure, by a *"notice"* that security is required. In the case at bar, Gadette served notice and thereby required security for his costs and charges. Doubtless plaintiff might have contested the right of defendant to an undertaking. The code is indefinite as to how the fact of nonresidence is to be determined in case it is disputed. But the record does not disclose that the respondent in any way indicated to the recorder's court that she claimed to be a resident of California.

The decisions of courts of last resort of other states are of but little value in passing upon this point because the statutes which they interpret, in most instances, especially provide that where security is required on the ground of nonresidence of the plaintiff, the defendant must proceed by motion or notice accompanied by affidavits. The statute of West Virginia, which was construed in *Dean* v. *Cannon,* 37 W. Va. 123, [16 S. E. 444], is quite like that of California. The opinion as to the point in question is in part as follows: "By the Code of West Virginia, (ed. 1891,)

p. 877, C. 138, sec. 2, the notice is required to be given by a suggestion on the record of the court, . . . 'that the plaintiff is not a resident of this state and that security is required of him.' The present law requires no other notice, nor the entry of service of any rule; for section 2, C. 138, continues: 'After sixty days from such suggestion the suit shall, by order of the court, be dismissed, unless before the dismission the plaintiff be proved to be a resident of this state, or security be given.' " It was held that no other showing than the suggestion on the record in court was necessary to enable the defendant to claim the benefit of this provision for security. *Vance* v. *Bird,* 4 Munf. (18 Va.) 364, is to the same effect.

The judgment is reversed and the superior court is directed to overrule the demurrer.

Finlayson, P. J., and Works, J., concurred.