[Civ. No. 5326.   First Appellate District, Division One.—October 4, 1926.]

## CHARLES J. HALL, Appellant, v. ALICE JAMES et al., Respondents.

[1] APPEAL — JUDGMENT ON PLEADINGS — SEVERAL GROUNDS OF DEMURRER — SUFFICIENCY AS TO ONE GROUND. — Where plaintiff appeals from a judgment upon the pleadings in favor of defendant after demurrer sustained, and the demurrer sets forth several grounds upon which the complaint is defective and plaintiff declines to amend, if the demurrer is well taken as to any one ground the appeal must fail and a discussion of the remaining grounds becomes unnecessary.

[2] PLEADING — ALLEGATIONS ON INFORMATION AND BELIEF — KNOWLEDGE—PRESUMPTIONS.—Allegations as to matters which are peculiarly within the knowledge of the opposite party, and which the pleader can learn only from statements made by him to others, may properly be based upon information and belief, but one may not in this manner allege facts presumably within his knowledge which are unknown to the opposite party.

---

(1) 4 C. J., p. 650, n. 37 New, 38.   (2) 31 Cyc., p. 108, n. 77.

1.   See 2 Cal. Jur. 811; 2 R. C. L. 191.
2.   See 21 Cal. Jur. 49; 21 R. C. L. 457, 458.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Will D. Gould for Appellant.

Alfred E. Dunning and Alfred W. Hare for Respondents.

CAMPBELL, J., *pro tem.*—The record shows that the demurrer to plaintiff's third amended complaint was sustained and plaintiff was granted ten days in which to amend his pleading and file a fourth amended complaint, that he declined to amend and judgment was therefore entered that plaintiff do have and recover nothing from defendants and that defendants recover from plaintiff their costs. From this judgment in favor of defendants plaintiff appeals.

[1] The demurrer sets forth several grounds upon which the complaint is defective, but if the demurrer is well taken as to any one ground the appeal must fail, and a discussion of the remaining points urged becomes unnecessary.

The action is one for breach of contract, in which it is alleged that defendant Alice James failed to perform certain services in playing a part in a motion picture production. The third amended complaint of plaintiff, paragraph V, after alleging the contract and that defendant Alice James quit her employment and would not complete her agreement with plaintiff, alleges: "That ever since said 26th day of June, 1922, she had refused and still does refuse to perform and comply with the terms of her said written contract and agreement with the plaintiff as herein set forth, to the great damage of the plaintiff herein in the sum of $1942.50, *as plaintiff is informed and believes* and thus alleges."

In paragraph VI plaintiff alleges sums of money he was compelled to pay out for substitutes and extra people and the purchase of fifteen hundred feet of film in reproducing and duplicating scenes and extra cost of rental for sets by reason of the failure of Alice James to perform her duties under such contract and agreement, "thus

causing delay to the whole cast and staff in the sum of $1,000, and in all amounting to the sum of $1,942.50, *as plaintiff is informed and believes* and thus alleges."

In paragraph VII plaintiff alleges that he paid defendant Alice James $150 for two weeks' wages and that such services were worthless because of the breach by her of her contract, "and that said sum of $150 paid to said defendant Alice James as herein set forth had not been repaid to the plaintiff or to any other person or persons or at all, and that the same is now due and payable from said defendant Alice James to the plaintiff, *as the plaintiff is informed and believes* and thus alleges."

In paragraph VIII plaintiff alleges that by reason of the breach of said contract by defendant Alice James plaintiff has been damaged in the sum of $2,092.50, "and that no portion of the same has been refunded or paid by said defendant Alice James to the plaintiff or to any other person or persons or at all, and that the same and all of said amount is now due and payable from said defendant Alice James to the plaintiff, *as plaintiff is informed and believes* and thus alleges."

In paragraph IX plaintiff alleges that the failure of defendant Alice James to perform the terms of her contract has caused great delay in completing the picture, "and thereby the plaintiff suffered irreparable damage caused by said defendant in violating and failing to keep and perform the terms of said written contract and agreement as herein set forth, *as plaintiff is informed and believes* and thus alleges."

In paragraph X plaintiff alleges that the breach of the contract by defendant Alice James and her failure to perform it "is malicious and should subject the defendant Alice James to punitive damages in the further sum of $5,000, *as plaintiff is informed and believes* and thus alleges."

[2] The defendants in their demurrer, among other grounds, demur on the ground "that no specific damages are specifically alleged, but that all allegations upon which damages are based are alleged upon information and belief of plaintiff." Allegations as to matters which are peculiarly within the knowledge of the opposite party and which the pleader can learn only from statements made by

him to others may properly be based upon "information and belief." One may not, however, allege in this manner facts presumably within his knowledge. (1 Bancroft's Code Pleading, 79.) A defendant cannot base a denial upon "information and belief" where the facts are presumably within his personal knowledge (*Loveland* v. *Garner*, 74 Cal. 298 [15 Pac. 844]; *Gribble* v. *Columbus, etc.*, 100 Cal. 67 [34 Pac. 527]; *Mulcahy* v. *Buckley*, 100 Cal. 484 [35 Pac. 144]; *Weill* v. *Crittenden*, 139 Cal. 488 [73 Pac. 238]), and it is equally true of a plaintiff and particularly so in the instant case where the facts alleged are peculiarly within the knowledge of the plaintiff and presumably unknown to the defendants. The plaintiff is certainly in a position to know better than any informant the financial loss he sustained by reason of the breach of the contract.

The demurrer to the third amended complaint was properly sustained, and appellant having declined to amend, the judgment was properly entered.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.