STATE Ex Rel. SLAFSKY *v.* SECOND JUDICIAL
DISTRICT COURT, IN AND FOR WASHOE COUNTY,
ET AL.

No. 2997

November 1, 1932.

15 P.(2d) 682.

*R. K. Wittenberg*, for Petitioner:

*G. A. Ballard*, for Respondent:

## OPINION

By the Court, COLEMAN, C. J. :

This is an original proceeding in prohibition. The petition, which is verified, alleges that on May 28, 1932, an action on a money demand was commenced in the respondent court by one Luth against Samuel Slafsky; that petitioner is informed and believes, and therefore alleges the fact to be, that the said Luth, at the time of the commencement of said action, was a nonresident, residing in the State of Wisconsin; that on June 15, 1932, petitioner (Slafsky) served upon Luth, the plaintiff in said action, a demand that he give security for costs in said action; that Luth has entirely failed to give such security, and on or about July 25, 1932, Luth moved said court, in said action, to set the same for trial, to which this petitioner objected on the ground that further proceedings in said action had been stayed by reason of the failure of said Luth to give such security; that over said objection the respondent set said action for trial for August 11, 1932; that respondent will proceed to try the said action and to render a judgment therein without requiring said security for costs, unless a writ of prohibition issue herein. It is further alleged that petitioner has no speedy or adequate remedy by appeal, or otherwise than in this proceeding. To said petition respondent demurred and also filed an answer.

The demurrer is upon the ground that the petition does not allege facts sufficient to entitle petitioner to the writ, and upon the further ground that there is no allegation to the effect that petitioner made a motion to dismiss the action.

Upon the oral argument, counsel for respondent stipulated that certain portions of the answer as filed might be stricken out. The answer, with the stricken matter eliminated, sets forth that the respondent on June 30, 1932, reciting good cause therefor, entered an order extending the defendant's time in which to answer in said action to five days after the plaintiff had filed security for costs in compliance with defendant's demand and of receipt of written notice thereof; that thereafter and on July 1, 1932, Luth made a motion to vacate and set aside said order of June 30, 1932, upon the hearing of which the attorney for Luth objected to any extension of time for the defendant to answer; that there was nothing in the record and no evidence before the court tending to prove that plaintiff was or was not a resident. The answer to the petition concludes as follows:

"Believing that the serving of said demands for security for costs automatically stayed further proceedings in said action I refused to hear any evidence on said matter and on said 2nd day of July, 1932, in Open Court, did cause to be entered in the minutes of the Court the following Order:

" 'The plaintiff's Motion to vacate the Order of Court coming on regularly for hearing, the plaintiff, by G. A. Ballard, Esq., and the defendant, by his attorney R. K. Wittenberg, Esq., being present in Court:

" 'After argument by the respective parties it was Ordered that the motion to vacate be granted and the defendant be given 15 days in which to answer.'

"That plaintiff's time for giving such security expired on the 15th day of July, 1932; on the 17th day of July, 1932, defendant filed his answer in said cause.

"That on the 25th day of July, 1932, at the call of the

trial calendar plaintiff's attorney requested that said cause be set down for trial. Defendant's attorney objected to said cause being set for trial on the ground that no security for costs had been given by plaintiff.

"Being of the opinion that defendant should have moved to dismiss said action and his not having done so, or upon said application so moving, I ruled that he had waived his right to demand further time in proceeding with said action, and I thereupon set said cause for trial on August 11th, 1932.

"That no further proceedings have been taken in said cause."

There is nothing in the answer of the respondent court to indicate whether Luth was or was not a nonresident, other than the order of June 30, which recites that the order was made for good cause, which indicates that the court was satisfied he was a nonresident, and the further statement in the answer of respondent to the effect that the petitioner waived his right based upon the demand for security for costs.

■ In this situation we think the only question for us to determine is whether or not the petitioner had in fact waived his demand.

We do not think it should be held that the defendant waived his demand for security for costs. At every step of the proceeding he was insisting on security for costs and that the matter be stayed until such security be given. Even on the very day the case was set for trial, and after he had filed his answer, he insisted that no such setting be made until security for costs was given, showing clearly that he did not intend to waive his right to security for costs by filing such answer.

■ Intention to waive a right is essential to waiver. 27 R. C. L. 908, 909, note 8; 40 Cyc. 261; Santino v. Great Am. Ins. Co., 54 Nev. 127, 9 P. (2d) 1000.

In Goodenough v. Burton et al., 146 Mich. 50, 109 N. W. 52, in a similar matter, the court held that it was commendable to accompany a demand for security for costs with an answer to the merits.

332

In view of the situation presented, it is clear that the writ should issue as prayed. The petitioner has no plain, speedy, and adequate remedy by appeal or otherwise. Carter v. Superior Court, 176 Cal. 752, 169 P. 667; Gadette v. Recorder's Court, 53 Cal. App. 72, 199 P. 817.

It is ordered that the writ issue as prayed.