[Civ. No. 4835. Third Appellate District.—January 27, 1933.]

THE CLASSROOM TEACHER, INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF GLENN COUNTY, Respondent.

Fred M. Harter for Petitioner.

Milton M. Hogle, District Attorney, for Respondent.

PULLEN, P. J.—The Classroom Teacher, Inc., a foreign corporation, commenced an action in the Justice's Court of Glenn County to recover from defendant a balance due for books sold upon a written contract. Defendant appeared by demurrer, and at the same time demanded that plaintiff file an undertaking in the sum of $100 as security for costs, as provided in section 1036 of the Code of Civil Procedure. Upon refusal to comply with such demand within thirty days, judgment of dismissal was entered against the plaintiff.

An appeal was thereupon taken by plaintiff to the superior court upon the question of law thus tendered, and upon the hearing thereof, the judgment of dismissal by the justice court was sustained. Thereupon The Classroom Teacher, Inc., as plaintiff brought this petition to review the order and proceedings of the superior court and asks that the same be annulled.

Section 1036 of the Code of Civil Procedure reads as follows: "When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, security for costs and charges, which may be awarded against such plaintiff, may be required by the defendant. When required, all proceedings in the action or special proceeding must be stayed until an undertaking, executed by two or more persons, is filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action or special proceeding, not exceeding the sum of three hundred dollars. A new or an additional undertaking may be ordered by the court or judge, upon proof that the original undertaking is insufficient security, and proceed-

ings in the action or special proceeding stayed until such new or additional undertaking is executed and filed.''

The order of the justice's court in dismissing the action is based upon section 1037 of the Code of Civil Procedure, which reads: ''After the lapse of thirty days from the service of notice that security is required, or of an order for new or additional security, upon proof thereof, and that no undertaking as required has been filed, the court or judge may order the action or special proceeding to be dismissed.''

 The question here involved is whether or not section 1036 of the Code of Civil Procedure is applicable to actions in the justice's court. If it does apply, then the court had jurisdiction under section 1037 to dismiss the action after the lapse of thirty days if the undertaking was not filed. If section 1036 is not applicable to proceedings in the justice's court, then petitioner must prevail.

The applicability of section 1036 to justices' courts does not appear to have been heretofore considered by our courts of review, although the section has, inferentially at least, been applied to a recorder's court in the case of *Gadette* v. *Recorder's Court of East San Diego,* 53 Cal. App. 72 [199 Pac. 817]. In that case, one Ava C. Roberts brought an action in the recorder's court of East San Diego against L. Gadette. In due time defendant demurred and at the same time filed and served a demand for security for costs as provided in section 1036 of the Code of Civil Procedure. Thereafter notice was served on defendant of the time set for hearing on the demand and also on the demurrer. Defendant failed to appear and the demand was, on motion, stricken from the files upon the ground that no proof was offered in support thereof that plaintiff was a nonresident of the state. The demurrer was thereupon overruled, and defendant failing to answer, judgment was entered against him. Thereupon plaintiff being about to proceed to enforce the judgment, petitioner applied to the Appellate Court for a writ of prohibition. The Court of Appeal did not discuss the application to a recorder's court of the right conferred by section 1036, nor was it argued in the briefs of counsel, but all of the facts necessary to a determination of the question were apparent on the record, and the court fully construed sections 1036 and 1037 of the Code of Civil Procedure, and unless the Appellate Court considered these

sections as applicable to a recorder's court it could not have reached the conclusion it did. If these sections are applicable to a recorder's court it is obvious they must also apply to proceedings in a justice's court. Furthermore there is nothing inherent in the sections that would indicate that they are not applicable to justices' courts, either in the organization, powers or course of proceedings of such courts.

"Justices' Courts being courts of peculiar and limited jurisdiction, only those provisions of this code which are, in their nature, applicable to the organization, powers, and course of proceedings in justices' courts, or which have been made applicable by special provisions in this title, are applicable to justices' courts and the proceedings therein." (Sec. 925, Code Civ. Proc.)

Also the location of section 1036 in the arrangement of the Code of Civil Procedure lends weight to the contention of respondent. It is found in chapter VI relating to costs, which is under title XIV covering miscellaneous provisions and embraced in part II, entitled Civil Actions, which applies to all courts.

Petitioner claims that the only power a justice's court has to dismiss an action without prejudice is found in sections 890 and 890a of the Code of Civil Procedure. These code sections are found in the chapter pertaining to judgments (other than by default) in justices' courts. The judgment in the instant case was predicated solely upon the default of the nonresident plaintiff in failing to file an undertaking as security for costs.

Petitioner maintains that the only power invested in a justice of the peace to require a bond for costs from a party to an action is found in section 923 of the Code of Civil Procedure, but this section refers to a guarantee for costs which the justice may exact before issuing summons, whereas here we are dealing with costs incurred by a party after summons is issued. Section 923 of the Code of Civil Procedure and section 1036 of the Code of Civil Procedure are not similar and are designed to care for distinguishable situations.

Petitioner has cited the cases of *Vignolo* v. *Superior Court,* 85 Cal. App. 461 [259 Pac. 491], and *Peacock* v. *Superior Court,* 136 Cal. 701 [126 Pac. 976]. Both the Peacock

case and the Vignolo case hold a justice of the peace has no authority to pass upon or grant a motion for a nonsuit but must decide the case upon its merits, which has no application to the case here presented.

We are of the opinion that section 1036 of the Code of Civil Procedure is by its nature applicable to proceedings in the justices' courts, and therefore the order is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.