[Civ. No. 9071. Second Appellate District, Division Two.—February 8, 1935.]

LOUISE B. STRAUS, Respondent, v. LEOPOLD R. STRAUS, Appellant.

462

Harry J. Miller for Appellant.

Goodman, Bachrack & Brownstone and Herman A. Bachrack for Respondent.

SCOTT, J., *pro tem.*—Plaintiff obtained judgment against her husband, defendant, in the state of New York, by the terms of which the marriage bonds were dissolved and defendant was ordered to pay alimony to her. Defendant came to this state and plaintiff brought suit against him here to establish said foreign judgment obtained in New York as a judgment in this state, for the purpose of enforcing it as a continuing judgment for payment of alimony. Judgment was rendered for plaintiff and $375 was found to be due up to that date. Defendant appeals.

■ Such an action is properly maintainable in this state, and contrary to appellant's contention was properly filed in superior court rather than in municipal court, although the accrued alimony at the time of judgment was in the sum above noted. (*Creager* v. *Superior Court,* 126 Cal. App. 280 [14 Pac. (2d) 552] ; Code Civ. Proc., sec. 1913.)

■ On the afternoon of the day before the case was tried defendant demanded security for costs of plaintiff as a nonresident, under section 1036 of the Code of Civil Procedure. No bond was filed and the next day defendant's objection to proceeding for that reason was overruled. He now contends that the trial court was without jurisdiction because the bond was not filed. The filing of such a bond is not a prerequisite to the trial court's retaining jurisdiction (*Carter* v. *Superior Court,* 176 Cal. 752 [169 Pac. 667]) ;

■ and when the complaining party waits until the afternoon before the trial before demanding security for costs it would seem that he has waived his right to make such demand, in the absence of some affirmative showing which would excuse the delay. A defendant has no right. under the section cited to cause "a continuance of the trial or delay proceedings or interfere with the business of the court" without good cause shown. (*Sciutti* v. *Union Pacific Coal Co.,* 30 Utah, 462 [85 Pac. 1011, 8 Ann. Cas. 942] ; see, also, 8 A. L. R. 1517, and cases cited.)

This case is to be distinguished from *Gadette* v. *Recorder's Court,* 53 Cal. App. 72 [199 Pac. 817], and *Classroom Teacher, Inc.,* v. *Superior Court,* 129 Cal. App. 261 [18 Pac. (2d) 746], in which the demand for security was filed when a demurrer was interposed, and from *Meade County Bank* v. *Bailey,* 137 Cal. 447 [70 Pac. 297], in which the demand was made on the day defendant first appeared in the action. The court in *Wall* v. *Hunter,* 57 Cal. App. 759

[207 Pac. 934], sustained the action of the trial court in dismissing the case when plaintiff had failed to file a bond within thirty days after demand (Code Civ. Proc., sec. 1037, then in effect), and held that such demand need not be made before demurrer or answer. From the language of *Shell Oil Co.* v. *Superior Court*, 2 Cal. App. (2d) 348 [37 Pac. (2d) 1078], it appears that motion for such a bond should be "timely" if defendant's right to one is to be asserted, although it may be made after answer is filed.

Here the trial court was presented with a demand by defense counsel on behalf of his client for such security for costs on the day before the trial, although statutory notice had been given of trial date. It was apparent from the pleadings that plaintiff had obtained in the state which was then the residence of both parties an uncontested divorce on ground of adultery, including an award of alimony which was reduced on August 1, 1932, to make it more advantageous to defendant. This case was filed November 2, 1932. Since defendant had evaded payment to plaintiff of a sum of money due her under the foreign court's order, in excess of the amount required for a cost bond, and presumably had it in his possession at the time such demand for security for costs was made; and since defendant was not present at the trial except by his counsel when the protest was made against proceeding without security for costs, we are unable to say that the action of the trial court was arbitrary or that its implied finding that defendant had waived his right to such security was incorrect.

No request for dismissal under section 1037 of the Code of Civil Procedure was made after objection to proceeding with the trial was overruled, or at any other time.

Appellant directs attention to a portion of the judgment which, after dissolving the bonds of matrimony, decrees "that the plaintiff be freed from the obligations thereof, and that plaintiff be permitted to marry again but the defendant be forbidden to marry any person other than the plaintiff during the lifetime of plaintiff, except by express permission of the court", then awards plaintiff alimony, declares that the judgment is interlocutory but shall become final as of course three months after entry, and repeats the injunction above quoted. He declares that such a provision against remarriage is against public policy. Assuming but not deciding that the trial court correctly held that it was

not against public policy, the provision is nevertheless conceded to be ineffectual and unenforceable in this state, and the judgment as entered in the California court should be amended so as to exclude that portion. (*People* v. *Woodley,* 22 Cal. App. 674 [136 Pac. 312]; 5 Cal. Jur. 446; *Mohn* v. *Tingley,* 191 Cal. 470, 476 [217 Pac. 733].)

■ Appellant complains of finding number VI to the effect that alimony was due plaintiff in the sum of $375, being for five months at $75 per month, and asserts that it lacks evidentiary support. Although no evidence was introduced on this point, plaintiff's complaint, verified by her attorney, pleaded the obligation in positive terms. The answer of defendant, residing in this state, verified by his counsel, responded to this allegation with a statement that he had no information or belief on the subject and therefore denied it. Such an answer in this case was no denial but was tantamount to an admission, and raised no issue upon which testimony was required. (*Weill & Co.* v. *Crittenden,* 139 Cal. 488 [73 Pac. 238]; *Hall* v. *James,* 79 Cal. App. 433, 436 [249 Pac. 876]; *Loveland* v. *Garner,* 74 Cal. 298 [15 Pac. 844].)

■ It is finally urged that the judgment herein is invalid because of indefiniteness. It appears on the contrary to be clear and explicit and to accord with the terms of the judgment sustained in *Creager* v. *Superior Court, supra.*

To conform to the opinion above expressed, the judgment is modified by adding the following language at the conclusion of the body of the judgment: "It is further decreed that the provisions of the said foreign judgment hereby established, restricting the remarriage of defendant, are invalid and without force or effect in this state." As so amended the judgment is affirmed, respondent to recover her costs on appeal.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 6, 1935, and the following opinion then rendered thereon:

THE COURT.—■ In response to appellant's suggestion that only two of the justices participating in the opinion were on the bench at the time of oral argument, it ap-

pears from the minutes that both counsel stipulated that any justice might participate whether present at time of oral argument or not; and it further appears from a reading of the reporter's notes of the brief argument thus made that there was no matter included in it that was not fully considered by the court before decision.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 8, 1935.