[Civil No. 964.   Filed March 22, 1907.]

[89 Pac. 539.]

## UNION IRON WORKS et al., Plaintiffs and Appellants, v. VEKOL MINING AND MILLING COMPANY et al., Defendants and Appellees.

1. MOTIONS—SERVICE—SUFFICIENCY—REV. STATS. ARIZ. 1901, PAR. 1484.—Under paragraph 1484, *supra*, providing that copies of the motions shall be served upon the adverse attorney, a notice of motion which bears the acceptance of service by any one of the attorneys of record representing the opposite party is sufficient.

2. COSTS—SECURITY—FAILURE TO GIVE—DISMISSAL—MOTION—VERIFICATION—REV. STATS. ARIZ. 1901, PAR. 1551.—Under paragraph 1551, *supra,* providing that on a motion of defendant, supported by affidavit, the court shall rule nonresident plaintiff to give security for costs, and if he fails so to do within ten days the case shall stand dismissed, a written motion to dismiss for failure of nonresident plaintiff to comply with the order to give security for costs need not be verified.

3. APPEAL AND ERROR—ERROR FAVORABLE TO COMPLAINING PARTY.—The fact that the trial court made an order requiring a nonresident plaintiff to furnish security for costs within sixty days, where the statutes required such security to be given within ten days, and then dismissed the action for failure to comply with the said order, is not such an error as may be complained of by the nonresident plaintiff.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Pinal. Edward Kent, Judge. Affirmed.

The necessary facts are stated in the opinion.

Dunning & Craig, and Edwards & McFarland, for Appellants.

J. B. Woodward, for Appellees.

CAMPBELL, J.—This appeal is from an order of the district court dismissing the action because of the failure of the appellants, plaintiffs below, to file a cost bond, as required by the court. The abstract of record is defective, but from the original files of the case the following facts appear: The action was commenced October 6, 1900. On April 6, 1903, the defendants filed a motion for a rule requiring the plaintiffs to give security for costs, which was supported by an affidavit of one of the defendants that the plaintiffs are nonresidents of the territory. On May 11, 1903, the rule for costs was made, but was not complied with. On May 4, 1905, the defendants moved to dismiss for failure to file security for costs. The court denied this motion on May 5th, but ordered that such security be given within sixty days, on penalty of dismissal. The order not having been complied with, on motion of the defendants, the action was dismissed on October 3, 1905.

Paragraph 1551, Revised Statutes of 1901, provides: "At any time before trial on motion of the defendant, supported by affidavit showing that the plaintiff is a nonresident of the territory, or that the plaintiff is not the owner of property out of which costs can be made by execution sale, the court shall rule the plaintiff to give security for the costs; and if the plaintiff fail so to do within ten days next after the order is made, the case shall stand dismissed."

The first, second and third assignments of error are based on the ground that the motions for cost bond and dismissal were not served on the attorneys for plaintiffs. The motions bear acceptance of service by one of the attorneys of record representing plaintiffs. Paragraph 1484, relied upon by appellants, does not require that motions be served upon each of the several adverse attorneys in the case.

The fourth assignment of error is based upon the ground that the order of the court of May 5, 1905, was not based upon a written motion filed or verified, as required by paragraph 1551. A written motion to dismiss for failure to com-

ply with the order of the court of May, 1903, was filed. It is not necessary to verify such a motion.

The fifth and last assignment of error is that: "The court erred in sustaining said motion to dismiss, for the reason that the order requiring the plaintiffs to give security for costs within sixty days from the time thereof was beyond the power or authority of the court to make. Our statutes limit the time for giving security to ten days." The order referred to in this assignment is evidently the order of May 5, 1905. By that order the court denied the motion to dismiss for failure to comply with its rule for security for costs made May 11, 1903, and undertook further to extend the time within which security for costs might be given. If the court erred in refusing to dismiss after plaintiffs had refused or neglected to comply with its rule for security for costs for almost two years, and exercised in their behalf more leniency, perhaps, than the statute permits, it is error certainly that the plaintiffs may not complain of.

The judgment of the district court dismissing the action is affirmed.

SLOAN, DOAN and NAVE, JJ., concur.