(March 5, 1920.)

WM. A. DUFF, Respondent, v. W. H. EARDLEY and K. C. WOOLEY, Copartners Under the Firm Name and Style of NAY AUG MINES COMPANY, Appellants.

[187 Pac. 1081.]

NONRESIDENT PLAINTIFF—COSTS—SECURITY FOR—DEMAND—EFFECT OF—STAY OF PROCEEDINGS—STATUTORY CONSTRUCTION.

1. When a proper application is made under C. S., sec. 7221, requiring a nonresident plaintiff to furnish security for costs, the court is without discretion to deprive defendant of the security.

2. The provision of C. S., sec. 7221, that "When required, all proceedings in the action must be stayed until an undertaking . . . . is filed with the clerk . . . . ," is mandatory and until such undertaking is furnished any subsequent proceeding therein is erroneous.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County.  Hon. James R. Bothwell, Judge.

Action for damages for breach of contract of employment. Judgment for plaintiff.  *Reversed.*

J. G. Hedrick, for Appellants, cites no authorities on point decided.

Angel & Boyle, for Respondent, did not appear in person nor file a brief.

BUDGE, J.—This appeal is from a judgment entered upon a verdict.  The only assignment of error which we need to discuss is predicated upon the action of the trial court in proceeding with the cause without requiring respondent Duff to give security for costs under C. S., sec. 7221.

On the 9th day of November, 1915, and some time after the complaint and amended answer had been filed, appellants served notice upon respondent, requiring him to give security for costs, which notice was supported by an affidavit, and not denied, to the effect that respondent was residing outside of the state of Idaho.  When the action was called for trial, counsel for appellants objected to any further proceedings in the case on the ground that the undertaking for costs had not been filed, whereupon the trial court ruled as follows:

"Let the record show . . . . that the application of defendants that the plaintiff give security for costs having heretofore been made, and upon the statement of counsel at that time that they desired to know that the plaintiff would be here for trial, and the plaintiff thereafter having reported that he would be here for trial, the application is denied and overruled."

There is nothing in the record which justified the court in reaching the conclusion that appellants had waived their right to insist upon the security.  C. S., sec. 7221, leaves no discretion in the trial court, when proper application is made to the court and served upon the plaintiff to furnish security for

costs, and this demand is not waived. As stated by the supreme court of California, ''The court has nothing to do with requiring the security to be given. The statute invests the defendant with the right to have it, and the court cannot, against his will, deprive him of it.'' (*Clune v. Sullivan,* 56 Cal. 249; *Meade County Bank v. Bailey,* 137 Cal. 447, 70 Pac. 297.) This rule is also supported by *Kissler v. Budge,* 24 Ida. 246, 133 Pac. 125.

The provision of the statute that ''When required, all proceedings in the action must be stayed until an undertaking . . . . is filed with the clerk . . . . ,'' is mandatory, and all subsequent proceedings in this action were erroneous.

The judgment is reversed and remanded for further proceedings in conformity with the views herein expressed. Costs are awarded in favor of appellants against respondent Duff.

Morgan, C. J., and Rice, J., concur.