[Civil No. 2158.   Filed May 24, 1924.]

[226 Pac. 212.]

DELL M. POTTER, Appellant, v. LEONARD KEARNEY, J. A. HAGAN and BONIFACIO REYES, Appellees.

1. COSTS — SUMMARY DISMISSAL FOR INSUFFICIENCY OF COST BOND AFTER CASH DEPOSIT MADE HELD ERROR. — Where on date of hearing of motion to dismiss for failure of sureties to justify, plaintiff deposited cash in lieu of bond, summary dismissal after filing of cash deposit was unwarranted, plaintiff's right to file required security continuing up to time of actual dismissal.

2. APPEAL AND ERROR — JUDGMENT DISMISSING CASE FOR INSUFFICIENCY OF COST BOND HELD FINAL. — Judgment dismissing action for insufficiency of cost bond *held* final and appealable.

APPEAL from a judgment of the Superior Court of the County of Greenlee. Kirk T. Moore, Judge. Reversed.

Mr. H. L. Partridge, for Appellant.

Mr. L. Kearney, for Appellees.

LYMAN, J.—Appellant was required by an order of court to secure the costs of defendant in the sum of $300. In due time, and on November 2, 1922, such a bond was filed with two sureties, who were excepted to in due time by the defendant. On the tenth of the same month attorney for defendants filed a motion to dismiss the action because of failure of the sureties to justify after objection and exceptions, and this motion was noticed for hearing on the thirteenth of the same month. On that day counsel for both parties appeared in court and argued the motion,

1.   See 2 R. C. L. 112; 7 R. C. L. 803.
2.   See 2 R. C. L. 40.
      See 3 C. J. 540; 15 C. J. 220 (1925 Anno.).

and on the same day a deposit of $300 in cash was made with the clerk of the court, and received by him in lieu of the cost bond which had been formerly given and objected to. On the day following, the 14th of November, the court made an order dismissing the action on the ground of insufficiency of cost bond.

The court was without authority to make such summary disposition of the case, in the absence of some statute definitely requiring, or at least authorizing, the court to dismiss the action immediately upon the failure to comply with its order and the requirement of statute. The right of the plaintiff in the premises to file the required security continued up to the time of actual dismissal of the action. Whether, as claimed by counsel for appellant, the cash was on deposit before argument was had upon the motion to dismiss, it is clear from the record that it was on deposit before the order was made. Such summary dismissal was without warrant of statute or precedent. *Kissler* v. *Budge,* 24 Idaho, 246, 133 Pac. 125; *Capitol City W. Co.* v. *State,* 105 Ala. 406, 29 L. R. A. 743, 18 South. 82; *McGill* v. *Beitner,* 114 Mich. 647, 72 N. W. 613.

It seems to be the view of appellees that the order dismissing the cause was not a final judgment, nor any such order as may be appealed from. The case is by this order thrust out of court. It is the end of the case, leaving nothing more to be said, considered or done in regard to it. It is a final judgment. Nothing could be more final in its effect. That position is not tenable.

The judgment will be reversed, and the cause returned to the superior court, with directions to reinstate it.

McALISTER, C. J., and ROSS, J., concur.