[Civil No. 3491.   Filed October 15, 1934.]

[36 Pac. (2d) 793.]

H. M. VAN DENBURGH, Executor of the Last Will and Testament of WILLIAM DAVID REES, Deceased, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA and J. C. NILES, as Judge Thereof, Respondents.

Messrs. Palmer & Cornelius for Petitioner.

Messrs. Cox & Moore, for Respondents.

LOCKWOOD, J.—This is an original application for a writ of prohibition. The alternative writ was issued and the matter is before us on the return.

The facts material to a disposition of the case are as follows: Petitioner is the duly qualified and acting executor of the last will and testament of William David Rees. One Ida M. Pratt had presented to him a claim against the Rees estate, which he had disallowed, and in due time she brought suit thereon,

as provided by statute. The case was assigned to division 4 of the superior court of Maricopa county, which is presided over by Honorable J. C. Niles, respondent herein. Petitioner made a motion for security for costs under section 3790, Revised Code of 1928, and respondent, on January 29, 1934, in pursuance of said section, made the following order:

"It is ordered defendant's Motion for Security for Costs is granted and bond is fixed in the sum of $150.00, and plaintiff may have ten (10) days in which to file bond."

On the 9th of February, no bond or deposit of cash or affidavit in lieu thereof having been filed within the ten days allowed by the order, petitioner moved for an order dismissing Pratt's action. Thereupon she tendered a bond and asked permission to file it, which permission was granted, and thereafter petitioner secured an alternative writ of prohibition from this court, restraining respondent from further proceeding with the Pratt action.

The question before us is whether under section 3790, *supra,* the Pratt case was automatically dismissed by operation of law, when the time fixed by the court within which the security must be given had expired, or whether the court still had jurisdiction to permit the security to be given. The section reads as follows:

"§ 3790. *When May Be Required.* At any time before trial of an issue of law or fact, on motion of the defendant, supported·by affidavit showing that the plaintiff is a nonresident of the state, or that the plaintiff is not the owner of property within the state, out of which the costs could be made by execution sale, the court shall order the plaintiff to give bond for the security for the costs of the action. The court shall fix the amount of the bond and the time within which the same shall be given. The bond shall

be conditioned that the plaintiff shall pay all costs that may be adjudged against him, and authorize judgment against the sureties. If the plaintiff fail so to do within the time fixed by the court the action shall stand dismissed."

It is urged by petitioner that the last sentence of the section shows clearly that it was the intention of the legislature that on a failure to give security within the time fixed by the trial court, the case was dismissed by action of law, just as a motion for new trial is overruled automatically at the expiration of twenty days, unless the time has been extended.

It is claimed by respondent, that this is not true, but that the matter is merely in abeyance until the court actually orders a dismissal, and that the party in default may give the security at any time before the order is actually made.

The language of the statute is apparently unambiguous, and were the matter one of first impression in this jurisdiction, we would be inclined to hold that it means what it says. We have, however, passed once inferentially and once directly on the rights of parties under a statute containing the exact language of section 3790, *supra. Union Iron Works* v. *Vekol Min. & Mill. Co.,* 11 Ariz. 47, 89 Pac. 539; *Potter* v. *Kearney,* 26 Ariz. 409, 226 Pac. 212. In the last-named case there was a default, as here, and a motion was made to dismiss. Before the motion was heard, the delinquent party made a cash deposit in lieu of the required bond, but the next day the court dismissed the action. We said:

"The court was without authority to make such summary disposition of the case, in the absence of some statute definitely requiring, or at least authorizing, the court to dismiss the action immediately upon the failure to comply with its order and the requirement of statute. The right of the plaintiff in the

premises to file the required security continued up to the time of actual dismissal of the action. Whether, as claimed by counsel for appellant, the cash was on deposit before argument was had upon the motion to dismiss, it is clear from the record that it was on deposit before the order was made. Such summary dismissal was without warrant of statute or precedent. *Kissler* v. *Budge,* 24 Idaho 246, 133 Pac. 125; *Capital City W. Co.* v. *State,* 105 Ala. 406, 18 So. 82, 29 L. R. A. 743; *McGill* v. *Beitner,* 114 Mich. 647, 72 N. W. 613.''

We think this case requires us to apply the rule of *stare decisis.* We are the more impelled to do this for the reason that no real injustice can ever be done to litigants thereby. The petitioner has the security he has asked, and all the delinquent party gets is a right to have her case heard on the merits. If the legislature desires to alter the rule as laid down by us, it can easily do so.

For the foregoing reasons, the alternative writ heretofore issued is quashed.

ROSS, C. J., and McALISTER, J., concur.