[Civil No. 4062.   Filed May 1, 1939.]

[89 Pac. (2d) 1057.]

WILLIAM H. REAM, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA, and G. A. RODGERS, a Judge Thereof, Respondents.

Messrs. Palmer & Cornelius, for Petitioner.

Mr. Charlie W. Clark, for Respondents.

LOCKWOOD, J.—This is an application by William H. Ream, hereinafter called petitioner, for a writ of prohibition directed to the superior court of the state of Arizona, in and for the county of Maricopa, and the Honorable G. A. RODGERS as judge thereof, hereinafter called respondents, commanding the court to desist from further proceedings in a certain case numbered 45823 now pending therein.

The application was submitted to this court on an agreed stipulation as to the facts which is substantially as follows: On February 8, 1938, Benjamin F. Hodges brought suit in the superior court of Maricopa county against William H. Ream, the petitioner herein, and others, which case was regularly assigned to Division No. 2 of said court, and to the Honorable G. A. RODGERS, presiding in that division. Thereafter, petitioner, being duly served with process in said suit, moved that plaintiff be required to give a bond for security for the costs of the action, under the provisions of section 3790, Revised Code of 1928, which reads as follows:

*"When may be required.* At any time before trial of an issue of law or fact, on motion of the defendant, supported by affidavit showing that the plaintiff is a non-resident of the state, or that the plaintiff is not the owner of property within the state, out of which

the costs could be made by execution sale, the court shall order the plaintiff to give bond for the security for the costs of the action. The court shall fix the amount of the bond and the time within which the same shall be given. The bond shall be conditioned that the plaintiff shall pay all costs that may be adjudged against him, and authorize judgment against the sureties. If the plaintiff fail so to do within the time fixed by the court the action shall stand dismissed.''

This notice was duly served upon the attorneys for plaintiff, and on February 28th an order was entered by Judge RODGERS in the following language:

''Hearing is had on Defendant's Demurrer and Motion for Security for costs. It is ordered requiring cost bond in the sum of $250.00 within ten days. It is further ordered continuing demurrer one week, or· until posting of bond.''

No bond was filed within the ten days specified thereby, but on the 9th of March an affidavit of inability to give bond for costs filed under section 3791, Revised Code of 1928, which is in the following language:

''*Where plaintiff unable to give security.* If the plaintiff is a *bona fide* resident of the state and shall, within five days after the order, make strict proof of his inability to give the security, then the order to give security shall be vacated. Such proof may be made by affidavit, but if exception thereto be made by the defendant, then the plaintiff shall submit himself to the court, on some day to be named by the court, when he shall be examined orally touching his inability to give such security.''

The plaintiff also filed a motion which reads as follows:

·''Comes now the plaintiff in the above entitled action and represents unto the Honorable Court:

"That he had no knowledge of the making of the order for security for costs in the above entitled cause, and that he received such knowledge upon the 7th day of March, 1938, and makes and files his affidavit of inability to give security for costs within five days after notice.

"That the failure to comply with the order of the court was involuntary and not intentional.

"This motion is based upon the records and files in the action.

"Wherefore, plaintiff prays that the order of the court, made on the 28th day of February, 1938, requiring costs bond be vacated for lack of notice or for excusable neglect of counsel for the plaintiff, and that the filing of his affidavit of inability to furnish security for costs be permitted, and that the above entitled action be not dismissed for want of compliance with the order of the court of February 28, 1938."

This motion was taken under advisement by the court, but apparently no action was had thereon, and on the 30th day of September, 1938, the plaintiff filed a bond for security for costs, which was in proper form. This bond, however, was never approved by the clerk of the court, and within three days after the filing thereof, the petitioner objected to its sufficiency as follows:

"To Benjamin F. Hodges and O. V. Willson and Charles W. Clark and Will E. Ryan, his attorneys:
"Please take notice that the defendant, W. H. Ream, objects to the sufficiency of the cost bond heretofore filed herein on the 30th day of September, 1938, and to the sufficiency of the sureties thereon; and that defendant, W. H. Ream, does not accept such bond,"

and served a copy of such objection on the attorneys for plaintiff, under sections 346, 347 and 348, Revised Code of 1928, which are, respectively, in the following language:

"*Objection to sufficiency of bond.* Whenever in any action or proceeding in a court of this state, a bond

is required or permitted to be given, the adverse party may object to the sufficiency of the same at any time within three days after receiving notice of the giving of such bond, by serving the adverse party, or the officer who takes the same, with a written notice that he does not accept such bond. A failure to serve such notice shall be deemed an acceptance of the bond, and the officer taking it shall be exonerated from liability.''

"*Notice of justification.* The party or officer receiving such notice shall, within three days thereafter, serve the opposite party with a notice in writing that the sureties on said bond, or other sureties will justify before an officer authorized to approve the bond, and the time and place when and where such sureties will justify.''

"*Examination of sureties; attorney not be surety.* Each of the sureties must attend before the officer at the time and place mentioned in the notice and may be examined on oath touching his sufficiency in such manner as the officer deems proper. If the officer finds the sureties sufficient he shall indorse his allowance on the bond and cause it to be filed with the clerk or justice. No bond shall be allowed or approved wherein any attorney of record of either party to the action or proceeding is a surety.''

The plaintiff did not serve a notice of justification on the petitioner, as required by sections 347 and 348, *supra,* nor appear for justification, and on the 27th day of October, the petitioner moved to dismiss the action for the following reasons:

"1. The plaintiff failed within the time fixed by the court, or at all, to file the cost bond which the court by order required should be filed.

"2. The plaintiff failed, within five days after the order directing the filing the cost bond, to make strict proof of his inability to give said security for costs.

"3. The plaintiff failed to justify the sureties on the bond heretofore filed herein on the 30th day of September, 1938, after the objection by this defendant to the sufficiency of the said cost bond, and failed, within

three days after receiving notice that this defendant did not accept such bond, to serve this defendant with a notice in writing that the sureties on said bond, or other sureties, would justify before an officer authorized to approve the bond, and the time and place when and where such sureties would justify.

''4. The bond heretofore filed herein on the 30th day of September, 1938, was not approved by the officer required to approve said bond, or at all.''

This motion was taken under advisement by the court, and finally denied, whereupon this application for a writ of prohibition was made.

It is the contention of respondents that prohibition is not a proper remedy under the foregoing state of facts, and that in the case of *Van Denburgh* v. *Superior Court,* 44 Ariz. 306, 36 Pac. (2d) 793, we have held on a substantially similar state of facts that the statute does not require a dismissal of an action for the failure to file a cost bond within the time provided by statute, but that the matter is discretionary with the trial court.

■ So far as the question of whether prohibition lies in a case of this kind, we think the case of *Carter* v. *Superior Court of Kern County,* 176 Cal. 752, 169 Pac. 667, 669, states the law correctly. A motion for security for costs was made, and a bond, which was claimed by defendant to be insufficient, was filed. Thereafter a motion was made that the case be dismissed, on the ground that no such undertaking had been filed, as was required by the law. The superior court, holding the bond was sufficient, denied the motion, whereupon an application for a writ of prohibition was made by the defendant, in the appellate court of that district, restraining further proceedings in the superior court. The matter finally came on for hearing before the Supreme Court of California, and the court, after holding that the bond did not comply with

the law but that even if the statute were construed to require the filing of a proper bond within thirty days, that the trial court, in the exercise of sound discretion, might permit the filing after such time and deny a motion to dismiss, continued:

"However, it is clear that proceedings in the action should be stayed pending the filing of the required undertaking. This much is expressly provided in section 1036, Code of Civil Procedure, and manifestly is essential to accomplish the object of the statute. Of this provision it was said in *Meade County Bank* v. *Bailey, supra* [137 Cal. 447, 70 Pac. 297]:

" 'The statute vests in the defendant the right to have the bond, and the court cannot against his will deprive him of that right, or alter the amount or terms of the bond required. When the demand for security for costs is made in the proper case, the law itself enjoins further proceedings on the part of the plaintiff until the demand is complied with according to the provisions of the Code.'

"Will prohibition lie to prevent such further proceedings pending the filing of the undertaking? Where the court refuses to dismiss an action for failure to file the required undertaking, and is proceeding to try the cause without any undertaking being on file, manifestly the defendant has no plain, speedy, and adequate remedy in the ordinary course of law. A similar situation was presented in *Hayne* v. *Justice's Court,* 82 Cal. 284, 23 Pac. 125, 16 Am. St. Rep. 114, where the lower court was proceeding to try a case in disregard of the provisions of section 45 of the Insolvency Act, which plainly prohibited prosecution to final judgment of actions against the debtor until the question of his discharge was determined. This court there said:

" 'This is a plain and direct prohibition against any further proceedings in the justice's court, and the petitioner, having brought himself within the statute, is entitled to the relief prayed for.

" ' ; . . A court that proceeds in the trial of a cause against an express prohibition of a statute is

exceeding its jurisdiction, and may be prevented by prohibition from this court.'

"It appears to us that in no other way could the petitioner here receive the protection that the statute guarantees, and the decision is certainly sufficient authority for the proposition that, seeking and insisting upon such protection, he is entitled to have proceedings stayed in the lower court, pending the filing of the required bond, by prohibition."

And a peremptory writ was ordered, prohibiting the lower court from proceeding further in the case, pending the filing of the proper bond.

■ Under our statute, a defendant is entitled to a proper bond for costs on motion therefor, unless the plaintiff shall satisfy the trial court of his inability to give bond, and if he offers such bond and the defendant considers it insufficient, the latter may demand a justification in the manner provided by sections 347 and 348, *supra.* Unless and until this is done, the trial court has no right to proceed with the case. The case of *Van Denburgh* v. *Superior Court, supra,* and the other Arizona cases cited therein, held that if a proper bond were given before the motion to dismiss were made, even though after the time set forth in the statute, that prohibition would be denied. In the present case, however, the stipulation of facts shows that no attempt was made to comply with the law, even after the motion to dismiss was made, and until it was finally overruled by the trial court.

We are of the opinion that on the record as it stood at the time the motion to dismiss was overruled, it was an abuse of discretion for the trial court to deny the motion. Such being the case, the alternative writ of prohibition heretofore issued is made permanent.

ROSS, C. J., and McALISTER, J., concur.