376 P.2d 394

Henry GOODMAN, and all stockholders similarly situated, Appellants,

v.

Renee S. CUSHMAN, Allerton Cushman, W. L. Farringer, individually and as constituting the Officers and Majority Shareholders and Directors of the Phoenix Municipal Stadium, an Arizona corporation; the Phoenix Municipal Stadium, an Arizona corporation, Appellees.

No. 6875.

Supreme Court of Arizona,

En Banc.

Nov. 28, 1962.

Botsford, Turner & Roe, by D. Kelly Turner, Scottsdale, for appellants.

W. L. Farringer and Irwin Cantor, by W. L. Farringer, Phoenix, for appellees.

FRANK X. GORDON, Jr., Superior Court Judge.

Appellants were plaintiffs in a minority stockholders' suit against the Phoenix Municipal Stadium, an Arizona corporation, the officers and directors of the corporation and its majority stockholders. In their suit, plaintiffs had four causes of action for fraudulent transfer of the assets of the corporation, unauthorized payments from corporation assets, a conspiracy among the defendants to achieve the foregoing, and for an accounting.

Four years were taken up with testing the sufficiency of the complaint. In that period of time, the plaintiffs filed five amended complaints.

When the sixth amended complaint was filed, the trial judge, in response to a motion to strike, ordered all of Count 1 stricken, parts of Counts 2, 3 and 4 stricken, and allowed plaintiffs to file a corrected complaint. A corrected complaint was filed omitting Count 1 and revising the other counts. Defendants then moved that the corrected complaint be dismissed for failure to comply with the court's order, in that material ordered stricken was included in the corrected complaint.

The trial court entered an order dismissing the complaint and subsequently de-

nied motions by plaintiffs to set aside the judgment and for leave to amend. The order of dismissal was made pursuant to Rule 41(b), Rules of Civil Procedure, 16 A.R.S., which provides, among other things, for dismissal of an action for failure to comply with any order of the trial court.

On this appeal, the sufficiency of the complaint is not at issue, and we have not been asked to decide whether the complaint states a cause of action. The only question is whether the trial court abused its discretion in dismissing the complaint because of noncompliance with the order of the court.

We must construe the complaint in such a manner as to do substantial justice. Rule 8(g), Rules of Civil Procedure. Defendants' motion to dismiss was based, in part, on the fact that the counts in the corrected complaint contained material which had previously appeared in Count 1 of the sixth amended complaint. This Count had been ordered stricken from that complaint. An examination of the sixth amended complaint and the corrected complaint, shows that paragraphs I, II and III of Count 1 were incorporated in the new counts in the corrected complaint. Defendants now concede that paragraphs I and II contain only jurisdictional matter and are properly included. They still argue, however, that paragraph III of Count 1 of the sixth amended complaint was included in violation of the court's order.

■ Although paragraph III is inartistically drawn and contains unnecessary material, it alleges, among other things, that plaintiffs were stockholders and that the defendants had conducted meetings in such a manner as to keep the individual plaintiff from obtaining his rights. In a suit of this type, these allegations are required by Rule 23(b), Rules of Civil Procedure. They are not otherwise found in Counts 2 and 3 of the corrected complaint. Consequently, being jurisdictional, they were necessarily included in the corrected complaint.

■ Defendants' motion to dismiss also complained that two clauses which had been ordered stricken were included in the corrected complaint. The first clause was the italicized part of the following quotation:

"That a corporate check was issued to McLane & McLane, tax attorneys, for a tax opinion *that Renee Cushman requested and received for her* and for which there was no authorization by the corporation."

Plaintiffs admit that the clause should have been left out but maintain that its inclusion was an oversight. They argue that dismissal of the complaint is too severe a punishment for the offense. We agree.

The court on its own motion could have ordered the offending clause stricken or could have lined the clause out. It was not necessary to dismiss the complaint to get rid of it.

An examination of the record shows that the second clause which defendants claim should have been left out of the corrected complaint was never ordered stricken by the trial judge. As to this clause, then, no charge of noncompliance with the judge's order can be maintained.

 The patience of the trial judge must have been sorely tried. But the spirit of the rules and the opinions of this court are clear that cases should be tried on their merits if it is at all possible. Daniel v. City of Tucson, 52 Ariz. 142, 79 P.2d 516, 117 A.L.R. 1211.

Construing the corrected complaint in such a manner as to do justice, we hold that the corrections were substantial compliance with the order of the trial judge. Where there has been substantial compliance with the judge's order, it is an abuse of discretion to dismiss a complaint under Rule 41(b). Vecchia v. Fairchild Engine and Airplane Corporation, 2 Cir., 171 F.2d 610.

The judgment of the trial court is reversed with instructions to reinstate appellants' sixth amended complaint as filed and for further proceedings consistent with this opinion.

Reversed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.

NOTE. Justice LOCKWOOD having been disqualified, the Honorable FRANK X. GORDON, Jr., Judge of Superior Court, Mohave County, was called to sit in her stead.