414 P.2d 757

James P. FLYNN, Appellant,

v.

Clifford JOHNSON, Appellee.

No. 1 CA–CIV 176.

Court of Appeals of Arizona.

May 25, 1966.

Rehearing Denied July 6, 1966.

Review Denied Sept. 27, 1966.

Langerman, Begam & Lewis, by Robert D. Myers, Phoenix, for appellant.

Scoville & Hofmann, by Leroy W. Hofmann, Phoenix, for appellee.

STEVENS, Chief Judge.

We have for consideration the effect of the failure to file a cost bond coupled with an ex parte dismissal of the case, the order of dismissal being silent as to whether the order is with or without prejudice. A partial recitation of the chronology is appropriate.

### Civil Cause No. 128172

On 3 July 1961, Civil Cause No. 128172 was filed alleging a tort and personal injury as of 15 April 1961. This action will be referred to as the first suit. On 21 July an answer was filed together with a motion for security for costs based upon the non-residence of the plaintiff. A minute entry order was entered on 31 July fixing the cost bond in the sum of $250 and allowing the plaintiff thirty days within which to file the same. The bond was not filed and on 6 September 1961 a formal written order was entered reciting in part:

"ORDERED that this action, and the whole thereof, be and it is hereby dismissed and defendant be and he hereby is granted his costs herein incurred."

The 6 September order does not carry on endorsement indicating either that the order was approved as to form or that it was served on counsel and held for five days by the court before the signing thereof.

On 12 September there commences a series of motions and responses as well as a series of minute entry orders. The gist of these procedural steps was to advise the court that a surety bond in the sum specified was in the possession of plaintiff's counsel and executed by the surety at the time of the 31 July order granting the motion for security for costs but that the bond had not been signed by the plaintiff as principal as of that date. It was further represented that the plaintiff left the State which fact coupled with oversights due to summer vacations in the office of plaintiff's attorneys created a situation wherein there was excusable neglect for failing to file the bond within the thirty day period. In addition the court was requested to amend the language of the order to recite a "without prejudice" dismissal. These proceedings eventually culminated in a minute entry order entered on 11 January 1962 denying all motions subsequent to the 6 September written order and leaving the 6 September order without modification. At some time not specified in the record, the plaintiff petitioned the Arizona Supreme Court in that Court's Cause No. 7536 for a Writ of Mandamus to compel the trial court to vacate the order of dismissal and on 16 February 1962, the Supreme Court entered an order denying the petition. On 12 March 1962, a notice of appeal was filed in relation to the 11 January 1962 order and this matter was docketed in the Arizona Supreme Court as its Cause No. 7636. The records of Cause No. 128172 disclose that on 3 October 1962, there was filed a copy of the Supreme Court's order in its Cause No. 7636 granting the motion of the appellee (the trial court defendant) to dismiss the appeal. The order is silent as to the reason therefor.

### Civil Cause No. 144639

On 30 November 1962, the current suit being Cause No. 144639 was filed, the subject matter thereof being identical with

the first suit. The current suit was met with a motion to dismiss which was granted by a minute entry order dated 15 March 1963. An appeal was taken and docketed with the Supreme Court as Cause No. 7969. On 24 March 1965, the Supreme Court entered its order finding that the appeal had been abandoned and by said order dismissed the appeal. On 13 April 1965, the following written judgment was filed:

### "JUDGMENT

"WHEREAS, the Court has heretofore granted the Defendant's motion to dismiss the above entitled Complaint, and

"WHEREAS, the Court being fully advised in the premises, it is hereby

"ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of the Defendant and against the Plaintiff.

"DONE in Open Court this 5 day of April, 1965."

This judgment like the written order of 6 September 1961, bears no endorsement as to service or of approval as to form. The record reflects that the Clerk of the Court mailed to the defendant's attorneys a copy of the minute entry order of 5 April, being the minute entry which was made simultaneously with the signing of the judgment filed 13 April. The said attorneys further received a copy of the written judgment together with a copy of the notice of appeal on 14 April 1965. The Court of Appeals having come into being in January 1965, the appeal in the current suit was lodged with the Court of Appeals and has never been of record in the Arizona Supreme Court.

### Rules and Statutes

Rule 67 of the Rules of Civil Procedure, 16 A.R.S., relates to the subject matter of security for costs. Rule 67(d) sets forth the conditions under which a bond to secure costs may be requested. The rule states, in part, that after the showing has been made:

"* * * the court *shall* order the plaintiff to give security for the costs of the action. The court *shall* fix the amount of the security, the time within which it shall be given * * *. If the plaintiff fails so to do within the time fixed by the court, the court *shall* order the action dismissed without notice." (Emphasis ours)

Rule 67(e) permits a resident plaintiff to make a timely showing of his inability to give security for costs. In this event, the order requiring security for costs is vacated. The same privilege is not accorded a non-resident plaintiff. Mr. Flynn was a resident of Iowa.

The Rules of Civil Procedure were adopted by the Arizona Supreme Court pursuant to statutory authority which is now Section 12–109 A.R.S. and subsequent to the adoption of the Rules, the Judicial Article of the Constitution, A.R.S., was amended expressly empowering this authority as more particularly appears in Subsection 5 of Section 5 of the amended article. The above quoted Rules do not have as their origin the rule making power of the Supreme Court but have a statutory background extending into the territorial days of Arizona. This background is of interest in determining whether or not these particular rules transcend the mandate of § 12–109 wherein it is stated that the rules "shall not abridge, enlarge or modify substantive rights of a litigant". The appellant urges that these rules violate due process in relation to non-resident plaintiffs, a matter which we will comment upon later in this opinion.

It is noted that Rule 67(d) authorizes the trial court to dismiss a case for failure to post the theretofore ordered cost bond taking such action on the court's own motion and without further notice. It is likewise noted that in the event counsel makes an application to the court calling this fact to the attention of the court this may be done informally and the order may be entered without any additional notice to the opposite party or his attorney.

If the procedure and authority of many years standing in Arizona is to be changed, the power of change rests with the Supreme Court. It is also noted that the rule directs that the trial court "order the action dismissed" and does not direct the entry of a "judgment of dismissal".

In our opinion the use of the term "order" as distinguished from the term "judgment" is of no significance in that Rule 54(a) defines judgment as follows:

"54(a) Definition; form. 'Judgment' as used in these Rules includes a decree and an order from which an appeal lies. * * *"

Section 12-2101 A.R.S. both before and after the recent amendment thereto, has as its subject matter:

"Judgments and orders which may be appealed".

Subsection D thereof is as follows:

"From any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken."

At the time the 6 September 1961 written order was entered, an order or judgment of dismissal was not required to be in writing and signed by the Judge for the reason that Rule 58(a) then contained in part the following language:

* * *

"When the direction is that a party recover only money or costs, or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction, but when the direction is for other relief, the judge shall first promptly settle and approve the form of judgment. * * *"

Effective 31 October 1961, this informality was eliminated and Rule 58(a) was amended to read as follows:

"Entry. All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for taxing costs. Amended July 14, 1961. Effective on and after midnight Oct. 31, 1961."

It is urged by the appellant that Rule 58(d) was not complied with in connection with the written order of 6 September 1961, said Rule then and now being in part as follows:

"58(d) Objections to form. 1. In case of a judgment other than for money or costs, or that all relief be denied, the judgment shall not be settled, approved and signed until the expiration of five days after the proposed form thereof has been served upon opposing counsel unless the opposite party or his counsel endorses on the judgment an approval as to form. This subdivision shall not apply to parties in default."

By reason of the nature of the relief accorded to the defendant, the 6 September 1961 order and the judgment filed 13 April 1965 were not subject to the five day requirement.

Even had the five day provision of Rule 58(d) been applicable the failure to observe the same would have been a procedural and not a jurisdictional error which would be the basis of a timely appeal but not the basis of a collateral attack. This matter was under consideration by this Court in the case of Patch v. Buros, 2 Ariz.App. 585, 410 P.2d 703 (1966). In Patch we cited Harrington v. White, 48 Ariz. 291, 61 P.2d 392 (1936) and in the case now before us, the appellant cites Davis v. Chilson, 48 Ariz. 366, 62 P.2d 127 (1936). Both Harrington and Davis were decided by a divided court under the old Rule VII, a procedural rule prior to the Rules of Civil Procedure which became effective in 1940. In Patch we declined to apply such a restrictive interpretation of the old Rule VII.

It is our opinion that both the 6 September 1961 order and the judgment filed 13 April 1965, are appealable orders within the meaning of Subsection D of Sec-

tion 12–2101 above quoted. It is urged that the opinion which we hold in this respect is incorrect in relation to the 6 September 1961 order and we are cited to the case of Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732 (1951). In *Meloy* as in Stevens v. Mehagians Home Furnishing, Inc., 90 Ariz. 42, 365 P.2d 208 (1961), the Arizona Supreme Court on its own motion undertook to examine into its jurisdiction to entertain the appeal. In *Meloy*, the court held that a minute entry granting a motion to dismiss for the failure to state a claim for relief without the entry of a formal written judgment of dismissal was not appealable within § 21–1702 A.C.A.1939, now § 12–2101 A.R.S. (An examination of subd. 5 of 21–1702 A.C.A. shows that it is identical with Subsection D of our present § 12–2101.) In *Meloy*, the court relied on its earlier decisions holding that an order sustaining a demurrer was not an appealable order. In relation to an order sustaining a demurrer or granting a motion to dismiss for failure to state a claim, it is contemplated that there is a possibility of an amendment to the pleading which was under attack so that the order in question would not be one which "in effect determines the action and prevents judgment from which an appeal might be taken" as specified in Subsection D of § 12–2101. The same is not true relative to a Rule 67(d) dismissal as the order of dismissal does come within the language of Subsection D of § 12–2101. It is our opinion that the order considered in *Meloy* would have been an appealable order had the same recited that the order was entered without leave to amend or was entered with prejudice. In the instant case, our opinion is supported by the case of Anguiano v. Transcontinental Bus System, 76 Ariz. 246, 263 P.2d 305 (1953), which case will be discussed later in this opinion.

None of the motions which were filed in the first suit between the entry of the 6 September 1961 order and the 11 January 1962 order find an express approval in the Rules of Civil Procedure. The Rules of Civil Procedure do not contain provisions for a motion for rehearing similar to the provisions contained in the Rules governing the Arizona courts exercising appellate jurisdiction, nor do the Rules governing the trial court provide for motions for reconsideration or motions of like import. The case of Redman v. White, 85 Ariz. 82, 331 P.2d 1096 (1958), on Page 85 of the Arizona Reports pointed out that when a litigant engages in procedures which are not authorized by the rules and which procedures are taken after the entry of an appealable order, these procedures do not have the effect of extending the time to appeal. When one undertakes such steps, a weather eye must be directed toward the time element in relation to the right of appeal.

Rule 41(b) was considered in *Anguiano* and was later amended effective 1 June 1963. The following language appears in the Rule both before and after amendment, namely:

"* * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, for improper venue, or for lack of an indispensable party, operates as an adjudication upon the merits."

It is this language which appears to have been of basic significance in the *Anguiano* decision. It is urged that *Anguiano* is contrary to justice; that it should be overruled. It is our opinion that *Anguiano* is a proper interpretation of the Rules of Civil Procedure and that it is the law until the rule is changed. The appellant correctly points out that there are certain procedural differences between the case at bar and *Anguiano,* more particularly that the final order in *Anguiano* was designated as a judgment of dismissal rather than an order of dismissal. In our opinion in view of Rule 54(a) this is not significant. It is urged that *Anguiano* differs from the case we have under consideration in that the

plaintiff therein ignored the order, made no attempt to comply with the order, never attempted to vacate the order and the dismissal was not based upon an ex parte application but upon a motion that was not opposed. We hold these differences do not change the rule. The fact that counsel in *Anguiano* filed a motion to dismiss urging dismissal under Rule 67(d) rather than securing an ex parte order was a matter of option with defendant's counsel in that case, not a matter of rule requirement.

It is further urged that the dismissal pursuant to Rule 67(d) cannot be considered to be an adjudication on the merits within the language of Rule 41(b) for the reason that the dismissal was based on a jurisdictional question and that dismissals for lack of jurisdiction are excluded from the "adjudication on the merits" provisions of a Rule 41(b) dismissal. In our opinion, *Anguiano* holds to the contrary. It is urged that in Ream v. Superior Court, 53 Ariz. 366, 89 P.2d 1057 (1939) the Arizona Supreme Court determined that the motion for security for costs procedure was a jurisdictional procedure. In *Ream* the Arizona Supreme Court quotes the Supreme Court of California, including the following language:

> "'* * * A court that proceeds in the trial of a cause against an express prohibition of a statute is exceeding its jurisdiction, and may be prevented by prohibition from this court.'"

Our Court explains this use of the term "jurisdiction" wherein it states that where the defendant invoked the then statute (now a Rule) in relation to security for costs there was a right to have the bond posted and that "unless and until this is done, the trial court has no right to proceed with the case". This would be a procedural not a jurisdictional error.

■ The appellant urges that the case of Knape v. Brown, 86 Ariz. 158, 342 P.2d 195 (1959) establishes that the requirement of a cost bond is a jurisdictional requirement. With this contention we do not agree. In *Knape,* the court was concerned

with a statutory condition precedent to the right to seek a Superior Court review of an administrative decision and in that respect compliance with the statutory mandate was a jurisdictional requirement, the statute expressly requiring the posting of a cost bond as a condition incident to a judicial review.

The appellant urges that Goodman v. Cushman, 92 Ariz. 276, 376 P.2d 394 (1962) establishes the rule that motions to dismiss should be granted with leave to amend. It is too late in the case before us to urge an abuse of discretion in the form of the order of dismissal entered in the first suit.

■ We are not called upon to determine the presence or absence of the power to exercise discretion in connection with a timely request to modify the language of the 6 September 1961 order. However, due to the fact that the order stands without modification, then in the language of Rule 41 (b), the order "operates as an adjudication upon the merits". It is, therefore, our opinion and we hold that the judgment filed on 13 April 1965 in the current suit, was entered without error.

■ The appellant urges that the rule on cost bonds is an unconstitutional discrimination against non-residents. The appellant was able to post bond and was not discriminated against by the order so is in no position to raise this issue. Salinas v. Kahn, 2 Ariz.App. 181, 407 P.2d 120 (1965), modified on other grounds, 2 Ariz.App. 348, 409 P.2d 64 (1965).

This Court will not entertain the issue for the first time on this appeal.

The judgment of dismissal is affirmed.

CAMERON, J., and PORTER MURRY, Superior Court Judge, concurring.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from the consideration of this matter Superior Court Judge PORTER MURRY was called to sit in his stead and participate in the determination of this matter.